THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JANUARY PERRY, Defendant.

County Court, St. Lawrence County, December 28, 1949.

*Arthur B. Hart, District Attorney* (*Sidney Kitay* of counsel), for plaintiff.

*Charles D. Campbell* and *Charles Bowers* for defendant.

LIVINGSTON, J. January Perry, the above-named defendant, was indicted at the January, 1949, term of the Grand Jury of the county of St. Lawrence for the crime of manslaughter in the first degree. The indictment was transferred to the County Court. The defendant was tried at the next term (February, 1949) of the County Court. The jury disagreed. The defendant was later released on cash bail in the sum of $10,000.

At the next trial term of the County Court held in June, 1949, the District Attorney and Mr. Campbell, the attorney for the defendant, joined in a motion to put this case over the term. The court declined to grant the motion unless affidavits were filed showing that a material witness could not be present. The motion was withdrawn and Mr. Campbell asked to have a stipulation in open court that the case would not be moved at that term of court.

At the October, 1949, term of County Court, before the jury was discharged, the District Attorney made a motion to put this case over the term, and in reply thereto Mr. Campbell stated: "If the Court please, under ordinary circumstances I would feel at this time that case should be tried but I have encountered some difficulties myself which, although they may be ironed out, I feel that it would take a little time and I therefore do not oppose the motion." The motion to put the case over the term was granted. The jury was immediately discharged.

Mr. Campbell now moves to dismiss the indictment against the above-named defendant on the ground that the defendant has been denied his constitutional and statutory rights to a speedy trial.

"The defendant is entitled to a speedy * * * trial." (Code Crim. Pro., § 8.)

"The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." (*Beavers* v. *Haubert*, 198 U. S. 77, 87.)

"It is the general rule that one desiring to take advantage of such a statute has the burden of showing that he is within its provisions, and that the trial has not been postponed on his application." (16 C. J., Criminal Law, § 798.) "The rule is that a demand for trial, resistance to postponement or some other effort to secure a speedy trial on the part of the accused, must be shown to entitle him to discharge on the ground of delay." (16 C. J., Criminal Law, § 800.) "A waiver of his right to insist upon the demand will result if he voluntarily * * * does any other act affirmatively showing an intention not to insist upon his demand." (16 C. J., Criminal Law, § 801.)

In the first instance the attorney for the defendant joined with the District Attorney in asking that the case go over the term and entered into a stipulation in open court that the case not be moved at that term, and in the second instance the attorney for the defendant stated that he encountered some difficulties and did not oppose the motion to put the case over the term.

Having due regard for the claims of public justice as well as the rights of the defendant, I do not see how the defendant has been deprived of any constitutional rights when he publicly consented and acquiesced in putting the case over the terms and the defendant made no demand for an immediate trial. (*People ex rel. Ianik* v. *Daly,* 142 N. Y. S. 297.)

The motion to dismiss the indictment is denied.