Froessel, J.
Defendant was charged in a 17-count indictment with grand larceny in the first degree, in that during 1947 and 1948 he obtained money from five different persons at different times by falsely representing to them that he was a member of a syndicate then engaged in the purchase and sale of Canadian newsprint, and that their money would be invested by him as part of his “ quota ” in the total capital of the syndicate. At the trial he admitted there was no such newsprint syndicate, but denied he ever represented to anyone that there was. He claimed that all the moneys referred to in the indictment were received by him for investment in his publishing enterprises, Research Foundation, Inc., and its affiliates.
Upon this appeal he challenges his conviction upon three grounds: (1) that there is no credible evidence to sustain the *222 verdict; (2) that the trial court erroneously excluded certain evidence, and (3) that he was denied his right to a speedy trial.
The first two grounds obviously lack merit. There was ample evidence to warrant the jury’s finding of guilt on all counts. Defendant contends that the witnesses were confused as to the distinction between investment in the publication of a newspaper and the purchase and sale of newsprint. This is not so, for many of the witnesses had invested in both enterprises and were aware that they were separate undertakings. At most, defendant raises an issue as to the credibility of the witnesses, and that has been resolved against him below. It was within the province of the jury to determine which of the conflicting statements they believed, and the testimony they credited was not incredible as a matter of law (People v. Eng Hing and Lee Dock, 212 N. Y. 373; People v. Seidenshner, 210 N. Y. 341, 358, 360; People v. Sanducci, 195 N. Y. 361, 367).
As to the second contention, it is true that the trial court on one occasion excluded evidence that defendant, in discussions with certain of his friends, did not mention the newsprint undertaking, but in so doing the court suggested that such evidence might be admissible if an appropriate foundation were laid. Subsequently, the witness previously called, and other witnesses as well, were permitted to testify to the matter theretofore disallowed. Thus there was no prejudicial error here.
The third and principal contention urged upon us is that defendant was denied his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and section 12 of the Civil Eights Law (see, also, Code Crim. Pro., § 8). The indictment in this case was filed on December 2, 1949. On December 6 defendant was arraigned, entered a plea of not guilty and was admitted to bail. On January 26, 1950, when the case first appeared on the calendar, both sides consented to a postponement until February 6 to allow defendant to obtain new counsel. There are no minutes for the appearance of February 6, but there is a note on the back of the indictment that William W. Kleinman, Esq., was substituted as his counsel on February 2. Apparently the case was then marked off the calendar. When the case next appeared on the calendar on May 15, 1953, at which time defendant again appeared by William W. Kleinman, Esq., the District Attorney stated that he intended to move the case for trial in the early part of June. *223 Defendant’s counsel, an experienced lawyer, while noting that the case had been “ dormant ”, replied that he could not possibly be ready for trial before the fall because of other commitments, among which were a murder trial in Kings County and an appeal in our court, and that, since the case was off the calendar so long, he had to have additional time. The court, noting that Mr. Kleinman Avas 1‘ a very busy lawyer ’ ’, decided that it did not want to prejudice defendant by forcing trial at this time, cautioned Mr. Kleinman to be ready in the fall as the case “ is getting old ”, and adjourned the trial until October 7,1953.
No minutes are available for October 7 or 23 but, on January 6, 1954, the District Attorney stated that the case had been adjourned by reason of the illness of at least two of the People’s witnesses, one of whom “ almost passed away ”. Another still being ill, the trial Avas further postponed until January 15. There are no minutes for January 15, 22 or 28, but on February 15 the representative of the District Attorney, noting that Mr. Kleinman was not present, obtained an adjournment until February 23. For the dates of February 23 and 24 we have no minutes, and on February 25, Avith both counsel present, a prospective juror was sworn, and the District Attorney, Avith consent of defendant’s counsel, asked to have the trial continued on the following Monday when more jurors would be available. The trial was then resumed on March 1, Mr. Klein-man still representing defendant, as he had since February 2, 1950.
During the course of the trial, defendant’s counsel made no claim that defendant had been deprived of his right to a speedy trial, and made no motion to dismiss the indictment under section 668 of the Code of Criminal Procedure. He did refer, however, in his summation, and in his statement before the pronouncement of sentence, to the fact that there had been a delay of over four years from the filing of the indictment to the trial. In doing so, he expressly exonerated the District Attorney, and merely urged that consideration should therefore be given defendant.
It is well settled that the right to a speedy trial may be waived (People v. Prosser, 309 N. Y. 353, 359, and cases there cited; see, also, 129 A. L. R. 572). This waiver may occur either through the acquiescence of defendant in delay or in his failure *224 to raise the point in time. In the instant case both of the above factors are present.
Acquiescence has been found where defendant consents to the postponement of a trial (People v. Perry, 196 Misc. 922; People ex rel. Ianik v. Daly, 30 N. Y. Crim. Rep. 47; see People v. Prosser, supra, pp. 359, 361; and People ex rel. Seiler v. Warden, 199 Misc. 570, 571). Here, not only were there instances of such consent, but defendant’s counsel expressly requested an adjournment of the trial from May to October of 1953, rather than until June, as the District Attorney desired.
Moreover, despite the fact that defendant’s counsel appeared in court at least three times before the trial, no motion to dismiss under section 668 of the Code of Criminal Procedure was made before or during the trial. We need not decide whether or not this motion should have been granted had it been made, but the fact that it was not made throughout the trial is highly persuasive on the issue of waiver. It has been held that a defendant may not initially claim that he has not had a speedy trial in a habeas corpus or a coram nobis proceeding (People ex rel. Lee v. Jackson, 285 App. Div. 33, 34, affd. 309 N. Y. 676; People v. Begue, 1 A D 2d 289, 293; see, also, 58 A. L. R. 1510). Other jurisdictions have ruled that the defendant may not raise this point for the first time after trial or on appeal (e.g., State v. Randolph, 234 Ind. 57, 62-65, cert. denied 350 U. S. 889; see, also, 129 A. L. R. 593). The rationale of this rule is that a defendant cannot participate in a trial and save his objection in this respect to challenge an adverse verdict.
The recent cases of People v. Prosser (supra) and United States v. Provoo (17 F. R. D. 183, 196-201, affd. 350 U. S. 857) in no way suggest a contrary conclusion. In the Prosser case, the defendant, after pleading not guilty to each of five indictments, changed his plea to guilty to one indictment and to part of another, and was sentenced as a fourth felony offender. This sentence was found to be improper by this court in People ex rel. Prosser v. Martin (306 N. Y. 710). Defendant was thereupon resentenced, and then promptly rearraigned on one of the other indictments to which he had pleaded not guilty six years earlier, and which he assumed had been disposed of by his former plea of guilty. On the rearraignment, he promptly moved to dismiss the indictment on the ground that he had been denied the right to a speedy trial. We held that under *225 those circumstances the inaction of defendant from the date of the indictment to the date of rearraignment did not constitute a waiver of his right to a speedy trial. He probably would never have been called for trial if we had not found his previous sentence improper. In the Provoo case (supra) there was no inaction on the part of the defendant. Indeed, the opinion at pages 193 and 201 shows that the defendant requested immediate trial, objected to continuances sought by the prosecution, and moved to dismiss or set the case down for trial.
Here, as distinguished from the above cases, defendant’s experienced counsel acquiesced in the adjournments he did not request, and, though aware of the four-year period between the indictment and the commencement of the trial — to some of which delay he contributed — did not once appropriately raise the question of whether defendant’s right to a speedy trial had been violated until his appeal in the Appellate Division.
Defendant argues that his failure to raise the issue in the trial court is not a waiver because the trial court itself should have considered whether or not there had been too long a delay. This argument is not persuasive. Although the court on at least two separate occasions referred to the fact that the case was getting old, neither defendant nor his counsel made any point of it. This same contention was made, and summarily disposed of, in State v. Randolph (234 Ind. 57, 65, supra).
Having examined all the circumstances of the case, as we have said we should (People v. Prosser, 309 N. Y. 353, 360, supra; People v. Hall, 51 App. Div. 57, 62; cf. Beavers v. Haubert, 198 U. S. 77, 87), and although the delay of the District Attorney in bringing the case on for trial is not condoned, we hold that the defendant by his conduct here has effectually waived his right to a speedy trial.
Accordingly, the judgment of the Appellate Division should be affirmed.
Conway, Ch. J., Desmond, Dye, Fuld, Van Vooehis and Burke, JJ., concur.
Judgment affirmed.