Paul J. Widlitz, J.
This is a motion by the defendant for an order pursuant to sections 667 and 668 of the Code of Criminal Procedure dismissing an indictment for want of prosecution. The defendant stands accused under an indictment dated January 29, 1957 of having committed on or about March' 29, 1953 the crime of forgery in the second degree, a felony. An information charging the defendant with the aforesaid crime was filed in the Nassau County District Court on December 29, 1955. Thirteen months later, on January 29, 1957, the case was presented to the Grand Jury. Defendant contends that he has been substantially prejudiced by the delay in indictment and is entitled to a dismissal of the action under the authority of sections 667 and 668.
Section 667 provides: ‘ ‘ When a pérson has been held to answer for a crime, if an indictment be not found against him, at the next term of the court at which he is held, to answer, the court may on application of the defendant order the prosecution to be dismissed, unless good cause to the contrary be shown.” Admittedly, the defendant’s case was not presented to the Grand Jury at the next term after the information was filed on December 29, 1955. However, the defendant’s detention from 1955 until the present, was not as a result of charges filed against him in this proceeding. Bather, it appears from the papers that the defendant was incarcerated in the Auburn State Prison from June 15, 1954 until the present time under a judgment of conviction rendered in another jurisdiction. The defendant’s application under section 667 is untimely made. This section is designed to compel the District Attorney *41 to move with dispatch in presenting a case to the Grand Jury once the prosecution has been commenced. Once the indictment has been found, however, section 667 is no longer available to the defendant since the injustice which the section is designed to remedy has been purged by the finding of the indictment. In this action an indictment has been found and is swiftly being prosecuted by the District Attorney.
Section 668 provides that, where a defendant has been indicted, the indictment may be dismissed if not brought to trial at the next term of court after it has been found unless good cause to the contrary be shown. On this application defendant does not contend that the delay from the time the indictment was rendered, January 29, 1957, until the April Term of this court, when the action was first noticed for trial, was unreasonable or without good cause. Indeed, the District Attorney has presented a valid reason for the relatively short delay. Accordingly, since the District Attorney has shown good cause for the brief delay in bringing the action to trial since the rendering of the indictment, this application to dismiss the action and the indictment is denied.
Submit order.