Burke I. Burke, J.
This is a motion for dismissal of an indictment on the ground that the defendant was deprived of his right to a speedy trial.
The defendant was indicted on a charge of grand larceny, first degree, by an Erie County Grand Jury in October, 1946 and a warrant issued for his arrest. Thereafter, it was learned, according to information provided in the District Attorney’s affidavit, that the defendant was serving a sentence in a California prison.
The warrant was forwarded to the California prison to act as a detainer against the defendant, but subsequently recalled by the City of Buffalo Police Department with the explanation that the District Attorney of Erie County “ will not send for Serio as his sentence there may have taught him a lesson. However, we are holding our warrant here and may serve it on ■him if he returns to Buffalo.”
The defendant’s affidavit states that he did in fact return to Buffalo in January of 1952, landing by plane at the Municipal Airport; that he made his residence with his sister, Josephine Serio, at 124 West Avenue, Buffalo, New York, from January, 1952 until about January, 1955; that he resided at 25 Mariner Street, Buffalo, New York, from January, 1955 to February, 1957; that from about February 15, 1957 until his recent arrest, he resided at 124 West Avenue, Buffalo, New York; that his name has been listed in the Buffalo telephone directory, and in the 1957-1958 issue, was shown with his phone number as MA-0520; that between the years 1952 and 1957 he had been employed at the Bethlehem Steel Company, Lackawanna, New York; that in March, 1957 his name and address at 25 Mariner Street, Buffalo, New York, were shown in the Erie County Surrogate Court proceedings concerning the estate of Josephine Serio, his sister.
The District Attorney contends that “in the instant case the defendant was unavailable for immediate arrest, was never arraigned until the present time, was fully informed and aware of the fact that the prosecution was being kept alive or that a trial would eventually be had, so that there is no basis to the *975 defendant’s contention that he was deprived of a speedy trial as provided for in Section 8 of the Code of Criminal Procedure.”
In People v. Godwin (2 A D 2d 846) where a delay of less than two years in bringing a defendant to trial was held not to be prejudicial, and in the earlier case of People v. Hall (51 App. Div. 57) the courts indicated each case must be determined upon its own set of circumstances.
Circumstances of significance in this case are the 12-year-old indictment, and the possible problem of locating witnesses to testify, withdrawal of the detainer from California in 1949; and the defendant’s open presence in Buffalo.
The question appears to be this: Was there a duty upon the defendant in the period 1952-1958 to announce his availability for arraignment and trial to the District Attorney, or as Ogden Nash might have phrased it:
“Dear Sir: My name is Barbara North,
I’ll be ready for trial on the 24th.”
While in the Prosser case (People v. Prosser, 309 N. Y. 353, 358), the delay ensued after indictment and after arraignment, the Court of Appeals said: “It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the defendant is speedily brought to trial. And from this it follows that the mere failure of defendant to take affirmative action to prevent delay may not, without more, be construed or treated as a waiver. * * * As we read the statute, it is incumbent upon the prosecution to establish good cause ’ for its own delay, and not simply the fact that the defendant has failed to demand a trial.” (Italics supplied.)
The motion to dismiss the indictment is granted.
Enter order accordingly.