Thomas Dickens, J.
By way of this formal motion, defendant moves for a dismissal of a first degree murder indictment lodged against him, or in the alternative, for an immediate trial. (See Reit v. Meyer, 160 App. Div. 752, 757.)
*1005 He offers as the reason the failure of the District Attorney to accord him a speedy trial, required by virtue of sections 8 and 668 of the Code of (Criminal Procedure and by virtue of section 12 of the Civil Eights Law.
This accusation of a dereliction of statutory obligation, leveled at the District Attorney, is not, in the least, borne out by the chronological procedural incidents narrated in the respective affidavits of the opposing parties. The contents of these affidavits clearly prove that blame for any delay lies not at the District Attorney’s door but at defendant’s.
These affidavits relate that on December 17, 1958, the indictment was filed, and that on December 23,1958, defendant entered a plea of not guilty thereto, with leave to withdraw or to move against the indictment within 30 days; that on or about December 24, 1958, a motion for an inspection of the G-rand Jury minutes was made and was denied on or about January 14,1959; that on or about January 23, 1959, a motion for a bill of particulars was applied for, returnable on January 29, 1959, was argued on or about February 3, 1959, and was denied on or about February 18 or 19. The result: the time covered by two of the three months from December 17, 1958, the filing date of the indictment, was extensively consumed by the making of these intermediate motions and by their subsequent judicial disposition.
True it is that ‘1 ‘ Forms and procedure still have their place and purpose in the administration of the law; without them we would have chaos ’ ” (People v. Scott, 3 N Y 2d 148, 153 [bottom]), yet sight, in the state of affairs here, must not be lost of the familiar doctrine that “ ‘ he who prevents a thing being done shall not avail himself of the non-performance he has occasioned.’ ” (Dulberg v. Equitable Life Assur. Soc., 277 N. Y. 17, 24 [middle]; Wharton’s Legal Maxims, pt. III, No. 18, p. 297.) For the law always intends what is agreeable to reason and reason is the life of the law. (Ballentine’s Law Dictionary, p. 750 [bottom] [Eng. Trans.]; McKinney’s Cons. Laws of N. Y., Book 35-A, Multiple Dwelling Law, p. IX, par. 2.)
Granted then that these intermediate procedural measures were within defendant’s statutory right to pursue in aid of his defense, nevertheless he should not be permitted now to use the exercise of this right both as a legal shield for defense and as a legal sword for offense. To permit it would be to permit an act adversely to the basic principle of all just law. And that basic principle is common sense. (Clark v. Gilbert, 26 N. Y. 279, 284 [middle]; Erdheim v. Mabee, 305 N. Y. 307, 319 [bottom]; People v. Gates, 56 N. Y. 387, 393 [bottom].)
*1006 Furthermore, the Assistant District Attorneys in charge of homicide cases became, in the meantime, occupied with other murder trials, including those founded on indictments presented prior to the one at bar. There were instances when these trials were of extended duration. An instance of immediate relative bearing upon this case, is a murder trial in progress since February 25, which is, at present, being conducted by the assistant in charge of the case under consideration. This homicide trial ‘ ‘ once commenced, should so far as is reasonably practicable proceed expeditiously and continuously to a conclusion.” (People v. Nicoll, 3 A D 2d 64, 75.) And as to becoming also occupied, in the meantime, with other homicide trials, such is an existing fact with respect to two of defendant’s attorneys.
Not to be overlooked is the factor that in the normal course of the intervening procedure properly employed by defendant, it was beyond the power of the District Attorney to do anything to hinder or to prevent defendant’s exercise of his legal statutory right (People v. Scott, supra), even with the advantage of his official power to control his calendar in this county. (People v. Continental Cas. Co., 301 N. Y. 79, 85 [top]; People v. Prosser, 309 N. Y. 353, 361 [middle].)
Inquiry as to delay is factual, and whether there has been undue delay depends ‘ ‘ ‘ upon the circumstances of each particular case’” and is “‘not fixed by the statute in days or months ’ ”. (People v. Prosser, supra, p. 357 [top], p. 360 [top].) The right of a speedy trial is necessarily relative and is consistent w,ith delays and depends upon circumstances. (People v. Perry, 196 Misc. 922, cited in People v. Prosser, supra, p. 359 [bottom].) “ ‘ Good cause ’ ” for unduly putting off a trial is incumbent upon the prosecution to establish only “for its own delay”. (People v. Prosser, supra, p. 358 [bottom]. Emphasis supplied.)
To sum it all up, it is quite evident that defendant has failed to show any unreasonable delay on the part of the District Attorney or any delay without good cause, to justify a dismissal of the indictment. (Cf. People v. Pearsall, 6 Misc 2d 40.) It is quite evident too that he has failed to show any prejudice to himself as a result of any delay. (Cf. People v. Hernandez, 7 A D 2d 724.) On the contrary, his present defensive position seems to remain secure. By his own statement he acknowledges that he has about 20 witnesses at his call ready to. give favorable testimony in his defense. If so, it will not-be amiss t.o remark' merely as a personal observation that the availability *1007 of these witnesses should dispel any fear that the comparatively short lapse of time has in any wise fogged their memory or lessened its accuracy or faded or dulled it — a result in any one instance likely to be evolved from the passage of a long span of time. Each one of these effects, detrimentally, upon witnesses, is among the several other reasons given by the highest court of this State for formulating the rule against undue delay. (See People ex rel. Rainone v. Murphy, 1 N Y 2d 367, 372 [top]; People v. Prosser, supra, p. 356 [middle].)
It follows that the plea for a dismissal must be rejected. With regard to an early trial, it is still defendant’s statutory right. I direct, therefore, that this case be placed on the Trial Calendar for the May Term of this court for trial.
Regarding a dismissal of the indictment, the motion is denied; regarding an early trial, it is granted as heretofore indicated. Submit order.