Charles Hargett, J.
The defendant makes this motion for an order dismissing the indictment for failure to speedily prosecute this action pursuant to sections 8 and 667 of the Code of Criminal Procedure, and upon the further ground that his constitutional right to a speedy trial has been violated.
The essential, undisputed facts are these. On September 29, 1961, defendant waived preliminary examination on two separate charges pending against him in the Felony Court of the City Magistrates’ Court, Borough of Queens, and the depositions and bail were thereupon returned to the District Attorney as required by law (Code Crim. Pro., § 221). The indictment, against which this motion is directed, was not returned and filed until November 9, 1962. The District Attorney offers no explanation whatever for the inordinate delay, and if, by parity of reason, the defendant had no obligation to inspire the prosecutor to greater diligence (People v. Prosser, 309 N. Y. 353, 358-359) his reasons for failing to invoke his statutory remedy are of no present concern. The effect of his omission is more significant.
The Legislature has implemented the right to a speedy trial by two procedural provisions. Through one (Code Crim. Pro., § 667) the court, on application of the defendant and in the absence of good cause shown to the contrary, may order the prosecution to be dismissed by reason of delay in indicting but, if correctly interpreted, the statute requires that the motion be made before indictment. ‘ ‘ Once the indictment has been found, however, section 667 is no longer available to the defendant since the injustice which the section is designed to remedy has been *295 purged by the finding of the indictment.” (People v. Pearsall, 6 Misc 2d 40, 41.) Through the other (Code Grim. Pro., § 668) the court may order that the indictment be dismissed on the application of 1‘ a defendant, indicted for a crime whose trial has not been postponed upon his application ” and who has not been ‘ ‘ brought to trial at the next term of the court in which the indictment is triable, after it is found” unless good cause to the contrary be shown. However, defendant does not invoke the authority of that section on this motion, nor could he do so successfully because, for one thing, there appears to have been no unreasonable delay in the prosecution since the indictment was filed and, for another, such delay as did occur was created by the tactics of the defendant and his counsel.
The defendant implicitly requests that the court assume and exercise an inherent power to remedy this alleged violation of his right to a speedy trial (Civil Bights Law, § 12; Code Grim. Pro., § 8). Section 8 of the Code of Criminal Procedure titled “ Bights of a defendant in a criminal action ” provides that in a criminal action the defendant is entitled to a speedy and public trial. There is no doubt that this section would cover the preindictment motion since “ [a]n arraignment after arrest must be deemed the first stage of a criminal proceeding ” (People v. Meyer, 11 N Y 2d 162, 164; People v. Reppin, 126 N. Y. S. 169; Code Crim. Pro., § 144).
There would, therefore, be a serious question whether the prosecution could and should be dismissed if, as the defendant contends, the preindictment delay resulted in his prejudice through the departure, to a place or places unknown, of a witness whose testimony is now claimed to be of material importance to the defense. For if the defendant did not waive his right to complain of the delay through his failure to prod the District Attorney with a section 667 motion (People v. Prosser, 309 N. Y. 353, 358-359, supra) but is nevertheless left without remedy by reason of his neglect to move until after indictment (People v. Pearsall, 6 Misc 2d 40, 41, supra) the court would, if that was all that there was to it, be called upon to decide whether it had and should employ inherent power to deal with the situation on the merits. Here, however, the question is not reached because, by their conduct, the defendant and his counsel have waived any right to complain of the antecedent delay.
On November 14,1962 (five days after the filing of the indictment) the defendant failed to appear for arraignment and the court directed that his surety be given notice to produce him on November 21, 1962. On that date the defendant appeared for arraignment, without counsel, but advised the court that he had *296 retained a named attorney and presented the affidavit of that attorney wherein counsel alleged that he was engaged in the trial of a cause in another county and requested a postponement of the arraignment until December 20,1962. The court accordingly postponed the arraignment but only until November 28, 1962. On that date the defendant appeared with counsel, entered a plea of not guilty and reserved his right to move against the indictment within 10 days. If this reservation be deemed broad enough to preserve such right as the defendant then had (People v. Piscitello, 7 N Y 2d 387, 389) to complain of the prior delay it was futile because, when the reservation was made, the defendant had no such right at all, having previously waived it. By his failure to appear for arraignment at the time appointed therefor and by the request for a postponement, defendant indicated that he was “ not intent on a speedy trial (People v. Piscitello, supra, p. 388.) Motion is denied.