Albert A. Oppido, J.
This is a motion by the defendant for an order dismissing the indictment pursuant to sections 667 and 668 of the Code of Criminal Procedure for want of prosecution.
The indictment contains two counts of forgery in the second degree and one count of petit larceny allegedly committed on or about April 8, 1958. This indictment is dated January 18, 1963.
In October, 1957, defendant was arrested on a burglary charge in Birmingham, Alabama. In December, 1957, the defendant pleaded guilty and was given a suspended sentence and placed on probation. In June, 1958, the defendant was arrested and incarcerated in Birmingham, Alabama, as a probation violator; he remained imprisoned in Kilby State Prison until October 25,1963. A detainer warrant for the arrest of the defendant for the charges stated herein was lodged by Nassau County authorities in July, 1958, at Kilby State Prison; no other attempt was made to return the defendant until October, 1963 — a lapse of 5 years.
The defendant refused to agree to extradition in October, 1963, a hearing was scheduled for December 6, 1963, however, defendant was returned to Nassau County on December 4, 1963.
A plea of not guilty was entered by the defendant on December 6, 1963, at which time all rights were reserved for a period of 30 days. This application for an order is made pursuant to sections 667 and 668 of the Code of Criminal Procedure for lack of prosecution.
Section 667 of the Code of Criminal Procedure was provided to relieve persons denied a speedy trial prior to the finding of an indictment; section 668 permits relief after the filing of an indictment.
Both sections are intended to prevent an accused from being tried so long after the alleged commission of a crime that he may no longer have the means of proving his innocence available *142 to him. (Report of Commissioners on Practice and Pleading [1849], p. 341, quoted in McKinney’s Cons. Laws of N. Y., Book 66, pt. 2, Code Crim. Pro., ch. VII, Historical note; People v. Prosser, 309 N. Y. 353, 356 [1955].)
People v. Prosser (supra) promulgated the following relevant rules of law on the subject of delay in prosecution:
(1) The State has the duty of determining that a defendant is speedily brought to trial;
(2) What constitutes an undue delay depends upon the circumstances of a particular case;
(3) That, when there has been an unreasonable delay in prosecution, the prosecution has the burden of establishing “ good cause ” for the delay; and
(4) That an accused may waive his right to a speedy trial, by requesting adjournments or by agreeing to postponements; the failure by the defendant to take affirmative action to prevent delay does not constitute a waiver of his right.
As Judge Fuld wrote in the Prosser decision (p. 356): “ The' speedy trial guarantee, preventing undue delay between the time of indictment and trial, serves a threefold purpose. It protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and, finally like statutes of limitation, it prevents him from being * exposed to the hazard of a trial, after so great a lapse of time ’ that ‘ the means of proving his innocence may not be within his reach ’ — as, for instance, by the loss of witnesses or the dulling of memory.”
The Court of Appeals, as recent as February 20,1964, affirmed its position that section 667 does not require a dismissal of an indictment if one is found before the dismissal motion is heard. The fact that after the dismissal motion had been made, but before it was heard, an indictment had been handed up was itself “ good cause ” for refusing to dismiss the charge. (People v. Saccenti, 14 N Y 2d 1.)
A dilemma is created by the procedural authority (People v. Saccenti, supra; People v. Pearsall, 6 Misc 2d 40) under sections 667 and 668 of the Code of Criminal Procedure in determining if there is an obligation to transcend the procedural barriers as manifested by Saccenti and Pearsall and apply the criteria set forth in Prosser and Wilson (People v. Wilson, 8 N Y 2d 391) to ascertain if deprivation of due process exists in denying the accused a speedy trial.
*143 It is now the duty of this court to determine if the delay involved in prosecuting the defendant in the instant matter was unreasonable; whether he waived his right to complain; whether incarceration in Alabama for five years constituted ‘1 good cause ” for the delay.
The defendant was at all times able to stand trial on the instant charges; there is no information before this court that he waived his right to a speedy trial by requesting a postponement or agreed to an adjournment.
The Legislature has attempted to alleviate the burden on prosecutors placed by People v. Prosser (supra) by providing a statutory procedure, (“ Agreement on detainers ” Code Crim. Pro., § 669-b) permitting a defendant incarcerated in a foreign jurisdiction to demand final disposition of criminal charges. However, a defendant is under no obligation to take affirmative steps to expedite prosecution. (People v. Segura, 6 N Y 2d 936 [1959]; People v. Bryant, 12 N Y 2d 719 [1962].)
The State of Alabama, it must be noted, is not a signatory to the ‘ ‘ Agreement on detainers” (Code Crim. Pro., § 669-b). However, the extradition statute in New York permits the Governor to agree with the executive authority of a foreign State that a person charged with a crime in New York, who is incarcerated in a foreign State may be brought back to New York for prosecution (Code Crim. Pro., § 832). The reciprocal provisions of the Alabama extradition statute (Code of Alabama, tit. 15, § 66) and that of New York (Code Crim. Pro., § 848) authorize the respective Governors of those States powers broad enough to permit a defendant, such as in the instant matter, to be returned to Nassau County. (See, also, Uniform Law. Ann., Uniform Extradition Act, §§ 5, 19 and cases cited therein.)
Appellate courts of this State have held that incarceration
in a Federal penitentiary whether within or without the State of New York does not constitute “ good cause ” for failure to bring an accused to trial within the meaning of section 668. (People v. Piscitello, 7 N Y 2d 387; People v. Newcombe, 18 A D 2d, 1087 [2d Dept.]; People v. Peters, 16 A D 2d 171.)
The cases cited point out that a defendant —for whom a detainer warrant has been lodged in a Federal prison could have been brought to trial by resort to the procedure provided in a Federal statute (U. S. Code, tit. 18, § 4085) which permits the Attorney General to release Federal prisoners for trial in State courts, if he deems it to be in the public interest.
*144 In the instant case, the alleged crimes were committed on or about April 8, 1958 — six years ago. The detainer warrant was lodged in July, 1958; the indictment was returned on January 18, 1963; the defendant was returned to this jurisdiction for trial in December, 1963; subsequent thereto this motion was made. The 10% months’ delay that elapsed between the return of the indictment and extradition in bringing the defendant to trial, constituted unreasonable delay and made the indictment susceptible of dismissal under section 668. In addition thereto, the five-year delay in indictment must be taken into consideration. (People v. Wilson, supra.)
This court is aware of the decision in People v. Brandfon (4 A D 2d 679 [2d Dept.]) in which the court said: “ The delay in bringing the action to trial was due to the fact that the respondent was imprisoned in a foreign State prison under an indeterminate sentence. A warrant of arrest and detainer was filed in the said prison in April, 1954, and respondent was aware of the contents thereof. (See People v. Prosser, 309 N. Y. 353, 356; People v. Peters, 198 Misc. 956.) However, the decision of People v. Peters (198 Misc. 956), on which the court relied was reversed on appeal (16 A D 2d 171).
It is the position of this court that the prosecution is required to make an “ effort ” to return a defendant for trial even if there is reason to believe that the request would be denied or even if administrative processes might consume a substantial portion of the prison term remaining for a defendant'to serve in another jurisdiction.
The trend in New York law, as evidenced by the Piscitello line of cases, is manifestly towards requiring prosecutors to return accused persons from other jurisdictions for trial when there is statutory procedure available to attain such a result.
There is no reason either in law or logic which would preclude an extension of the rule promulgated in the 11 Federal detention ” cases from the situation in which a person accused in New York is incarcerated in another State having reciprocal extradition provisions. 'Consequently, the court predicates this decision on the material extension of the dispositive New York law that an unreasonable delay in indicting or bringing to trial an accused incarcerated in another State having a reciprocal extradition provision will not be excused for “ good cause ” unless an “ effort ” is made by New York authorities to return the accused to this jurisdiction for prosecution within a reasonable time after they become aware of his imprisonment.
It is the conclusion of this court that no attempt was made by Nassau authorities to return the defendant in the instant matter *145 for trial, while he was incarcerated in the State of Alabama, precluding a finding that “ good cause ” existed for the unreasonable delay in prosecution. The indictment herein is, therefore, dismissed for want of prosecution pursuant to section 668 of the Code of Criminal Procedure.