J. Irwin Shapiro, J.
This is a motion by the defendant Ciavarella, joined in orally by the defendant Nappi, to dismiss the indictment on the ground of undue and prejudicial delay in the commencement of this prosecution.
The defendant Ciavarella submits that the robbery set forth in the indictment is alleged to have been committed on January 29, 1960 and that shortly thereafter he was identified by one Pat Cancellara as one of the robbers; that Cancellara did not make a formal complaint at that time because he was induced by one of the then Assistant District Attorneys not to press charges against the defendant; that ,some 3% years later the complainant brought charges against the defendant Ciavarella upon which the present indictment is based. The defendant was for the first time arrested on October 6, 1964 and was indicted on October 27, 1964.
The People do not dispute the accuracy of the movant’s allegations of fact. This motion specifically poses the issue whether a long delay between the time of the commission of a crime and the subsequent arrest of the accused (who is at all times available and known to the authorities) may constitute a denial of a constitutional or statutory right to a speedy trial. The statutory period of limitations prescribed by section 142 of the Code of Criminal Procedure for the crime in question is five years. The prosecution here was commenced four years and nine months after the commission of the crime.
Extensive research has failed to reveal any case in or out of this jurisdiction dealing with the factual .situation before us (see generally Speedy Trial — Delay Before Arrest, 85 ALB 2d 980), and none of the eases cited meets the test of relevancy.
*793 Thus, People v. Prosser (309 M Y. 353) dealt with a delay of six years after indictment in bringing the defendant to trial. This delay was held to violate both constitutional and statutory provisions guaranteeing a defendant a trial without undue delay (see N. Y. Const., art. I, § 6; Code Grim. Pro., §§ 8, 667, 668; Civil Rights Law, § 12), but neither the Constitution nor statutes guarantee a defendant a speedy institution of a prosecution except for statutory prescribed periods of limitation (Code Grim. Pro., § 142, subd. 1, pars, [a], [b]).
The ratio decidendi of Prosser (supra) and cases following in its wake like People v. Serio (13 Misc 2d 973) and People v. Saccenti (18 A D 2d 311, revd. 14 N Y 2d 1, cert. den. 379 U. S. 854) are that the “burden” of the prosecution to move for a speedy trial arises after, and only after, the filing of a complaint or the finding of an indictment. The “ want of prosecution ” referred to in the statute and the cited cases is a failure of diligent prosecution and not a failure of diligent institution of prosecution. The only delay cognizable in favor of a defendant prior to the institution of prosecution is that set forth in the appropriate Statutes of Limitation. On a purely pragmatic approach, it may be argued that it is inconsistent to hold that a defendant who is denied a speedy post-indictment or complaint trial has a remedy, whereas one, like this defendant, who, by reason of long delay, may have been prejudicially affected, may only rely, where applicable, upon the time limitations set forth in section 142 of the Code of Criminal Procedure.
In this connection, I realize that a defendant has no means of compelling a complainant, the police, or the District Attorney to cause him to be arrested at an earlier date, nor can he compel a complainant to file a complaint at an earlier date and that under certain circumstances a defendant may in fact be prejudiced by undue delay in the institution of prosecution, but the Legislature by statute having determined that the only undue delay cognizable is that of the period of limitation, the court may not judicially legislate to the contrary.
Without indicating what steps, if any, may be available to the defendant on the trial proper to indicate prejudice by reason of the delay, it suffices for present purposes to hold that this pretrial motion for dismissal on the ground indicated must be denied for want of power.