J. Irwin Shapiro, J.
This is an application by the defendant Katz for an order “ dismissing the indictment against the defendant herein, pursuant to Sections 667 and 668 of the Code of Criminal Procedure; Article 6 of the Constitution of the United States; and the applicable sections of the Constitution of the State of New York; for delay in prosecution and depriving the defendant of due process of law and a speedy trial ”.
The crimes charged in the indictment are alleged to have been committed between September 1, 1959 and December 15, 1959. The indictment against the moving defendant was returned on December 4; 1964, some 11 days prior to the expiration of the 5-year Statute of Limitations.
December 4, 1964, the day upon which the indictment Avas .returned Avas a Friday. On Monday, December,7, 1964, defendant Katz surrendered himself to the Federal authorities and commenced the service of a 6 months’ sentence imposed in the United States District Court for the Southern District of New York. On December 7, 1964 the Queens District Attorney lodged a warrant at the Federal House of Detention for defendant’s detention and arrest upon this indictment. From the date of the defendant’s incarceration on December 7, 1964 until the completion of his Federal sentence on April 22,1965, 4% months later, no effort was made by the District Attorney’s office to arraign the defendant on the charges against him. It is now contended that the 4%-month delay in prosecuting the defendant, combined with the fact that the subject matter of this indictment was not presented to the Grand Jury until 4 years and 11% months after its alleged occurrence, resulted in a denial of due process to the defendant as required by the Sixth Amendment of the United States Constitution, article I of the New York State Constitution and subdivision 1 of section 8 and sections 142, 667 and 668 of the Code of Criminal Procedure.
People v. Winfrey (44 Misc 2d 140, 144) upon which the defendant strongly relies is not here in point for in that case there Avas a 10% months’ delay “ between the return of the indictment and extradition in bringing the defendant to trial ’ ’ and the court held that that lapse of time “ constituted unreasonable delay and made the indictment susceptible of dismissal under section 668 ”. It is true that in that case the court also said that in addition to the delay in bringing the defendant to trial after indictment “ the five-year delay in indictment must be taken into consideration ” but I take that statement to mean *476 merely that the court would consider both circumstances, to wit, the time lapse after indictment and the delay in indictment in determining whether there had been unreasonable delay after indictment to make it susceptible of dismissal under section 668.
Generally speaking, I would say that where there has been a long and unexplained delay in obtaining an indictment and there is then an additional delay after indictment in bringing the defendant to trial, any time lapse susceptible of being called unduly long or unreasonable should be utilized as a basis for dismissal under section 668. However, as a prerequisite to the use of that section the court must be able to determine that there has been a delay in the legal sense. I do not perceive, however, how an interval of 4% months between indictment and arraignment can constitute such a delay. Much as one may sympathize with the plight in which the defendant finds himself by being indicted 11 days before the Statute of Limitations would have-, barred an indictment it must be remembered that sections 141 and 142 of the Code of Criminal Procedure, detailing limitation periods for the prosecution of crimes, represent the public policy of this State and no court, no matter how sympathetic it may be, has the right to shorten those periods of limitation. When section 8 of the Code of Criminal Procedure grants one the right to a speedy trial it means a trial of one indicted for or otherwise judicially charged with the commission of a crime and who is thereby subjected to “the anxiety and public suspicion attendant upon an untried accusation of crime ” (People v. Prosser, 309 N. Y. 353, 356). That the right to a prompt trial is a fundamental one in this State is undoubted, but it is a right which commences with the leveling of a judicial charge against the defendant. It does not begin to run from the time of the commission of the crime (see my discussion of this subject in People v. Ciavarella, 44 Misc 2d 792). The motion is in all respects denied.