■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROY B. WILLIAMS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Westchester County, entered August 17, 1965, which, without a hearing, denied his application to vacate a judgment of said court, rendered April 27, 1950, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Order reversed, on the law, and proceeding remitted to the court below for further proceedings in accordance herewith. In our opinion a hearing is required herein (see *Lee* v. *Mississippi,* 332 U. S. 742). The procedure indicated in *People* v. *Huntley,* 15 N Y 2d 72, should be followed insofar as such procedure is applicable herein (cf. *People* v. *Korda,* 24 A D 2d 577). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SEBIE WINFREY, Respondent.— In a criminal action, the People appeal from an order of the County Court, Nassau County, entered August 21, 1964, which granted the defendant's motion to dismiss the indictment for lack of prosecution (Code Crim. Pro., § 668). Order reversed on the law and the facts, motion denied and indictment reinstated. The time of delay in this case is to be considered from the day of the indictment (*People* v. *Saccenti,* 14 N Y 2d 1, cert. den. 379 U. S. 854; *People* v. *Pearsall,* 6 Misc 2d 40). It appears that the Nassau authorities would have been prepared to proceed to trial within the next term after the indictment but for the fact beyond their control that the Alabama authorities then informed them that they were keeping the defendant an additional nine months for an escape. When that time had expired, the defendant was promptly extradited and immediately arraigned and would have been tried but for the motion herein made. It was not an unreasonable delay to wait the nine months rather than attempt to extradite the defendant in the interim period. Much of this time would have passed in any event in the necessary administrative procedures. Moreover, since the extradition was voluntary on Alabama's part, there was no reason to believe it would succeed within the nine months until the prisoner's release. This is particularly so since the Alabama authorities had already demonstrated their intent to keep the prisoner. Under these circumstances there was no undue delay (*People* v. *Prosser,* 309 N. Y. 353; *People* v. *Brandfon,* 4 A D 2d 679). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.