**Charles PARRON, Petitioner–Appellee,**

v.

**William C. QUICK, Superintendent, Wallkill Correctional Facility, Respondent–Appellant.**

**No. 648, Docket 88–2423.**

United States Court of Appeals, Second Circuit.

Argued Jan. 20, 1989.

Decided Feb. 21, 1989.

Lawrence B. LaRaus, Bronx, N.Y., Asst. Dist. Atty., Bronx County (Paul T. Gentile, Dist. Atty., Bronx County, Peter D. Coddington, Asst. Dist. Atty., of counsel), for respondent-appellant.

Henriette D. Hoffman, New York City, (The Legal Aid Soc., Federal Defender Services Unit, of counsel), for petitioner-appellee.

Before OAKES, Chief Judge, LUMBARD and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

William C. Quick, as superintendent of the Wallkill Correctional Facility, appeals from a judgment of the United States District Court for the Southern District of New York, Vincent L. Broderick, J., granting Charles Parron's amended petition for a writ of habeas corpus. Parron was convicted in the New York state courts in September 1979 of attempted murder in the second degree with two counts of assault in the first degree. The district court granted the writ on the ground that Parron was denied effective assistance of counsel because his trial counsel failed to move in timely fashion to dismiss the indictment against him on speedy trial grounds.

Parron was arrested in September 1977 and was convicted two years later, after a jury trial. He was sentenced in January 1980 to three concurrent indeterminate terms of imprisonment, each not to exceed 15 years. We are informed that he is currently on parole. After conviction but before sentencing, Parron moved, first pro se and then by appointed counsel, to set aside the verdict on New York statutory speedy trial grounds. See N.Y.Crim.P.Law § 30.30. The New York statute is strict, requiring the prosecution to be "ready for trial" of a felony within six months of commencement of the action to avoid dismissal with prejudice, and the defendant need not show that he was prejudiced by the delay. See *People v. Lawrence*, 64 N.Y.2d 200, 205, 485 N.Y.S.2d 233, 474 N.E.2d 593 (1984).

The state trial court denied the motion alternatively on procedural grounds, N.Y. Crim.P.Law §§ 210.20(1)(g) & (2)—because Parron did not raise the objection before trial, and on substantive grounds, N.Y. Crim.P.Law § 30.30(1)(a)—because according to the trial court's calculations, the prosecution did not delay the proceedings for longer than the period allowed under the statute. The Appellate Division affirmed without opinion, 86 A.D.2d 784, 449 N.Y.S.2d 124 (1st Dep't 1982), and the New York Court of Appeals denied Parron leave to appeal, 56 N.Y.2d 598, 450 N.Y.S.2d 1034, 435 N.E.2d 1107 (1982) (Gabrielli, J.).

In November 1983, Parron filed a petition for a writ of habeas corpus in the federal district court, alleging, among other things, that he was denied his federal constitutional right to a speedy trial. The federal district court denied the writ because trial counsel's failure to file a timely speedy trial motion constituted procedural default under state law and was an adequate and independent state ground for decision that barred federal habeas review, citing *Engle v. Isaac*, 456 U.S. 107, 128–29, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982) and *Wainwright v. Sykes*, 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977). Parron appealed from that decision, and, while the appeal was pending in this court, the parties stipulated to a remand to allow Parron to amend his federal habeas corpus petition. In November 1986, Parron filed an amended petition in the district court, this time based on a claim of ineffective assistance of counsel. He contended that he had been denied effective assistance of counsel at his state court trial because his attorney failed to make a timely speedy trial motion.

The district court referred the case to Magistrate Michael H. Dolinger, who ordered an evidentiary hearing. After the hearing, the magistrate found that Parron had exhausted his constitutional claim of ineffective assistance of counsel in the state court, and reached the merits of that claim. The magistrate refused to defer under 28 U.S.C. § 2254(d) to the findings of the state trial court on the merits of the speedy trial issue under state law because he found the findings to be based on an inadequate record, and found that the prosecution had exceeded the period of excusable delay under the New York statute. The magistrate recommended to the district court that the writ be granted because a timely speedy trial action would have resulted in dismissal of the indictment, and failure by petitioner's trial counsel to make such a motion constituted ineffective assistance. The magistrate was aware, of course, that the state trial judge had denied the speedy trial motion on the merits, as well as on procedural grounds, but assumed that the Appellate Division would have reversed denial of such a motion timely made. The magistrate further concluded that the issue of ineffective assistance was presented to the Appellate Division but that the Appellate Division affirmed the trial court on that issue on procedural grounds rather than on the merits. The district court adopted the magistrate's report in its entirety.

## Discussion

■ The state's first claim to us is that the district court should not have reached the merits of Parron's constitutional claim of ineffective assistance of counsel because it has not been presented in state court. The state therefore asks us to reverse the

district court's order and dismiss the petition to allow exhaustion of that claim. Parron contends that the claim has been exhausted, and argues that, in any event, the state abandoned the non-exhaustion claim in open court before the magistrate. The magistrate, however, correctly believed it advisable to consider the question regardless of whether the state still argued that there had not been exhaustion, citing *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 1674, 95 L.Ed.2d 119 (1987); *Gulliver v. Dalsheim*, 687 F.2d 655, 657 & n. 1 (2d Cir.1982). The magistrate then ruled that petitioner's ineffective assistance claim had been exhausted in the state courts.

We are troubled by the magistrate's conclusion regarding exhaustion because it appears that the claim was presented to the Appellate Division only by implication, if at all. In his report, the magistrate wrote:

> Although the ineffective assistance argument appeared in a portion of the appellate brief that was devoted to the petitioner's speedy trial claim and it was offered principally as a basis for excusing the untimeliness of the post-trial dismissal motion, this does not alter the fact that the Appellate Division was on notice that Parron had a potential Sixth Amendment claim and was in fact asserting it.

Thus, the magistrate found that the claim was presented only indirectly. Moreover, the magistrate noted elsewhere that "there is no reason to assume that the Appellate Division ever considered the question of whether counsel was ineffective as a predicate of the speedy trial claim."

Moreover, we believe that if the claim of ineffective assistance was exhausted, then Parron's habeas petition must be denied. To succeed on a claim of ineffective assistance, a defendant must show not only that counsel's performance was deficient but also that the deficiency prejudiced him. See *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In this case, Parron would have to establish not only that his counsel failed to bring a timely speedy trial motion but also that the delay harmed Parron. It

must be remembered that the motion was brought, albeit after trial and by new counsel, and that the state trial judge did deny it on substantive as well as procedural grounds. If the Appellate Division thereafter considered the speedy trial motion on the merits, then the failure of Parron's former counsel to move earlier did not harm Parron. In other words, on that assumption, Parron received all that he was constitutionally entitled to obtain from counsel, old and new. (There is no claim that the latter was inadequate). It is true that the trial judge may have erred in denying the motion, as the magistrate thought, and that the Appellate Division may have erred in affirming on the merits of that issue, but that is constitutionally irrelevant. The Constitution does not guarantee Parron success on the speedy trial claim. He was entitled to effective assistance of counsel, not to error-free state court decisions on issues of state law.

Therefore, the key question is whether the Appellate Division did consider the speedy trial claim on the merits. As indicated earlier, the magistrate concluded that the Appellate Division did not do so, assuming that if it had, it would have reversed the trial judge and granted the motion. However, we believe that if we hold that the ineffective assistance claim was exhausted, we must also hold that the Appellate Division did consider and reject the speedy trial claim on the merits. Our reasoning is as follows.

Because the Appellate Division affirmed Parron's conviction without opinion, it is impossible for us to know exactly what the Appellate Division decided, and the basis for its decision. However, depending upon the nature of the claim presented to the Appellate Division, we can make certain presumptions regarding the summary affirmance. Under New York law, the right to a speedy trial is waived by failure to make a timely motion preserving such right. See *People v. White*, 2 N.Y.2d 220, 225, 159 N.Y.S.2d 168, 140 N.E.2d 258 cert. denied, 353 U.S. 969, 77 S.Ct. 1061, 1 L.Ed.2d 1133 (1957). In contrast, the right to effective assistance of counsel is a fun-

damental right, and no exception need be made at trial to preserve the issue for appeal under state law. See *People v. Carmine A.*, 53 N.Y.2d 816, 818, 439 N.Y.S.2d 915, 422 N.E.2d 575 (1981). Under our own decision in *Hawkins v. LeFevre*, 758 F.2d 866, 871 (2d Cir.1985), when a defendant presents a claim of denial of a fundamental right to the Appellate Division, and the Appellate Division affirms without opinion, a federal court should presume that the Appellate Division considered the constitutional claim and decided it on the merits, and did not base its summary affirmance on procedural default. In this case, if the Appellate Division was presented with a claim of ineffective assistance of counsel— as we must assume in order to find the claim exhausted—then we must presume, according to *Hawkins*, that in reaching its silent decision, the Appellate Division ruled on the merits of the ineffective assistance claim. But, in doing that, it follows that the Appellate Division would have had to consider the substance of the underlying speedy trial motion and find it without merit.

As indicated above, on the ineffective counsel claim, Parron had to show that his counsel was deficient and that this prejudiced him. It is clear that his counsel failed to make a timely speedy trial motion and that there was no excuse for not doing so because at the very least the issue was a close one. The magistrate justifiably found on the evidence before him that counsel's failure to move sooner was not a strategic decision. And, in the state court proceeding, the claim was never made that counsel's failure to move in timely fashion was strategic. The trial court did not consider such a theory. And, in the Appellate Division the only argument the prosecution made on the merits was that the trial judge had correctly found that the prosecution had complied with the New York statute. It follows that counsel's failure to move earlier was a clearly deficient performance, and if a timely speedy trial motion would have been granted, then prejudice to Parron is clear: violation of N.Y.Crim.P.Law § 30.30 requires dismissal of the indictment. Therefore, on the theory that the claim of ineffective assistance was presented to the Appellate Division and denied on the merits, the Appellate Division must have ruled that the underlying speedy trial claim had no merit since that could be the only reason for denying the claim of ineffective assistance. On that hypothesis, the federal court would be bound by the decision of the Appellate Division—even if it was erroneous—on the merits of the New York statutory speedy trial issue since that is purely a question of state law. This would necessarily dispose of the ineffective assistance of counsel claim, because Parron was not prejudiced.

On the other hand, if—as seems much more likely—the only claim presented to the Appellate Division was the speedy trial claim, a different presumption applies. As indicated above, such a claim does not, under New York law, allege loss of a fundamental right, and under our decision in *Martinez v. Harris*, 675 F.2d 51, 54 (2d Cir.), cert. denied, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982), we should then presume that the Appellate Division's silent affirmance of the state trial court was based on procedural default. On that assumption, the Appellate Division did not rule on the merits of the speedy trial issue under New York law, and thus that question remains open. Under this more likely theory, Parron has not as yet exhausted his state court remedies on the claim of ineffective assistance of counsel.

■ In these circumstances, we refuse to hold that Parron has exhausted his claim of ineffective assistance of counsel. There is no evidence that the Appellate Division considered that claim and little proof that the claim was presented to it. Petitioner sought reversal of his conviction in the Appellate Division on speedy trial grounds, rather than on ineffective assistance grounds, merely noting that it was his counsel's fault that no motion had been made prior to trial. A federal claim is considered exhausted only if the factual and legal premises have been fairly presented to the state court. See *Picard v. Connor*, 404 U.S. 270, 276–77, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Daye v.*

*Attorney General of New York,* 696 F.2d 186, 191 (2d Cir.1982) (in banc). In the unusual and ambiguous situation before us, where a finding of exhaustion would, in our view, require denial of the writ and where it is highly doubtful that the claim of ineffective counsel was presented to the state court, we believe it preferable to send the case back to the state court to allow exhaustion.

Judgment vacated and case remanded with instructions to dismiss the petition.

LUMBARD, Circuit Judge, concurring:

I concur in the vacation of the order of the district court, which order had granted Parron's petition for a writ of habeas corpus, and in the instructions to dismiss the petition, for the reasons stated in Judge Feinberg's opinion. The state courts never addressed and decided Parron's claim that the incompetence of his counsel resulted in the denial of his Sixth Amendment rights.

I disagree with my colleages, however, to the extent that their opinion implies that the record supports the magistrate's finding that the state courts on appeal would have dismissed the indictment for failure to grant Parron a speedy trial in accordance with the state speedy trial statute. In my view, our action today should permit of no inference that we agree with the magistrate's conclusions, nor should it be inferred that we found any merit in the magistrate's further conclusion, also adopted by the district court, that counsel's failure to press the claim demonstrated counsel's incompetence, thus violating Parron's Sixth Amendment rights. My own study of the record before us leads me to the conclusion that the magistrate's conclusions are not supported by the evidence.