OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was interrogated with respect to two sex offenses committed some seven months apart, a homicide on August 3, 1971 of which he was convicted, and an assault on March 13, 1972. The interrogation was conducted on three separate days, March 14, 15 and 22, 1972, by the same team of police officers. On March 14 and again, but to a lesser extent, on March 15 and 22 questions with respect to the two offenses were interwoven, and on March 22 numerous references were made to the earlier questionings. As the police were aware, the Public Defender was assigned to represent defendant with respect to the March 13 assault prior to the continued interrogation on March 15. The Appellate Division reversed County Court and suppressed the statements made on March 15 and 22 after assignment of counsel and ordered a new trial.
*865 On this record the Appellate Division (61 AD2d 177, 182) was correct in evaluating the police interrogation as an integrated whole, in which the impermissible questioning as to the assault was not discrete or fairly separable, and in concluding that "the assault charge was used by the same team of law enforcement officials as a crucial element in the securing of defendant’s confessions of March 15 and March 22, 1972 to the felony murder”. As the dissenter states, had defendant been interrogated with respect to the homicide alone, it would have been error to have suppressed his statements on the ground that he had an attorney who was not present; defendant’s representation by that attorney was with respect to the different and unrelated assault charge. Examination of the transcripts of the three days of defendant’s interrogation in this case, however, discloses that the police exploited concededly impermissible questioning as to the assault for the purpose and with the effect of advancing their interrogation on the homicide charge. It was on that basis that the court held that any purported waiver of defendant’s right to counsel during the questioning of March 15 and March 22, 1972 was ineffective in the absence of the previously assigned Public Defender and accordingly suppressed the statements made on those dates. (People v Hobson, 39 NY2d 479; cf. People v Carl, 46 NY2d 806.) We do not in any way depart from our holdings in the cases cited by the dissenter, in none of which was there the element of exploitation, the critical factor on which our affirmance depends in this case.
We note additionally that, although it may be said that defendant failed to preserve the error on which the reversal of his conviction is based, the failure to raise his contention does not foreclose our reaching the issue (People v Arthur, 22 NY2d 325, 329).