OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the plea vacated, and the motion to suppress granted.
In response to a series of questions posed by an Assistant District Attorney, defendant, while in police custody, refused to make a statement to the authorities without the assistance of an attorney. On the conceded facts, it must be held as a matter of law that defendant requested the assistance of counsel (People v Hinton, 45 NY2d 941; People v Clark, 45 NY2d 432, 436, 439). As a result, the police and the prosecutor became duty bound not to question defendant without first scrupulously honoring his right to counsel (People v Grant, 45 NY2d 366; People v Buxton, 44 NY2d 33). This they failed to do. Rather than taking steps to assist defendant in obtaining counsel, the police merely returned him to a holding pen. A few hours later, after defendant had co-operated in certain respects, they affirmatively sought and obtained a waiver of his rights. In these circumstances, it cannot be said that defendant’s refusal to answer questions without the aid of counsel was scrupulously honored.
Although defendant may not have adequately preserved the error, a violation of the right to counsel may be reviewed in the absence of an objection (People v Ermo, 47 NY2d 863; People v Arthur, 22 NY2d 325, 329). We deem this rule equally applicable to the circumstances of this case.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, plea vacated, motion to suppress granted and case remitted to Supreme Court, Bronx County, for further proceedings on the indictment in a memorandum.