Chief Judge Cooke
(dissenting in part). I agree that there must be a new trial, but on narrower grounds than those articulated by the majority.
Defendant, John Stroh, was arrested on the evening of July 8, 1975, and charged with second degree murder. In response to questioning, defendant made three statements. The first was orally made to a senior investigator of the State Police; the second was essentially a typewritten version of the first oral statement; the final statement was elicited by an Assist *1002 ant District Attorney. Prior to making his initial oral statement, defendant stated to the investigator "hold it, I would like to either have an attorney or a priest to talk to, to have present”. The officer asked "who do you want” and defendant replied "contact a priest down in the parish, in Beacon”. The priest named by defendant was called, but did not arrive until some hours later. In the interim, defendant made the first oral statement and then executed the written statement.
Later that night, an Assistant District Attorney met with defendant, and, prior to eliciting any statements, obtained a waiver of defendant’s rights. Referring to the earlier statements, the assistant asked defendant if he had also waived his rights at that time. Defendant then informed the assistant "Well, I had asked for a lawyer before and nobody said nothing”. The assistant replied "O.K.” and then continued to question defendant.
At the outset, there is no quarrel with the rule of law that once a defendant requests an attorney, the police may not immediately seek a waiver of his rights and proceed to elicit incriminating statements. This rule is firmly embedded in our decisional law (see People v Dean, 47 NY2d 967; People v Grant, 45 NY2d 366; People v Clark, 45 NY2d 432; People v Buxton, 44 NY2d 33), and its viability is not open to question. Thus, had defendant asserted his right to counsel at the commencement of the interrogation, there is no doubt that the three statements would have been rendered inadmissible. As it is, however, it may not be held on this record that defendant indicated a request for an attorney until immediately prior to the third statement, and only that statement should be suppressed.
Defendant’s initial request of the police officer was ambiguous: he asked for either a priest or an attorney. It was not improper for the officer to clarify the situation by asking "who do you want”, so long as this was not accomplished in a manner which would tend to dissuade defendant from exercising his rights. Indeed, defendant did at that juncture clarify his request, indicating his desire was for a priest. The officer did not attempt to influence the choice either way. Having had an opportunity to articulate his wish for an attorney, defendant failed to do so.
In contrast, when speaking with the assistant, defendant did indicate a desire for an attorney. It was only at this time that defendant’s statement reflected a request for legal counsel. *1003 And it was then that the law enforcement authorities became duty bound not to seek a waiver of defendant’s rights or proceed with questioning. Their failure to do so renders the third statement inadmissible.
Accordingly, I vote to modify by limiting the grant of the motion to suppress to the third statement.
Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Chief Judge Cooke dissents in part and votes to modify in a separate opinion in which Judge Gabrielli concurs.
Order affirmed in a memorandum.