OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the plea vacated, the statement suppressed and the matter should be remitted to the Supreme Court, Queens County, for further proceedings.
Indicted for criminal possession of a weapon in the third degree and criminal trespass in the third degree, defendant moved to suppress the .25 caliber pistol which is the subject of the first count as the product of an unlawful search and seizure and to suppress a statement (that he had found *818 the weapon in an abandoned car) on the ground that it was involuntary. The hearing Judge found the statement voluntary. He also found seizure of the pistol lawful, because it was the product of the movement after defendant’s arrest of the car defendant had been driving to a more secure area on the racetrack premises for safekeeping. The Appellate Division affirmed, without opinion.
There was no error of law involved in the finding of the courts below that movement of the car for safekeeping was justified and resulted in discovery and seizure of the pistol. With respect to his statement, defendant argues that it was the result of psychological coercion in that it was made after the statement by one of the officers to the other in defendant’s presence, while the gun was being vouchered at the precinct, that since defendant denied knowledge of the gun and the car was registered in his aunt’s name perhaps she should be arrested for possession of it.
Were voluntariness the only issue, the affirmed finding that the statement was voluntarily made would require affirmance. The People concede, however, that in response to Miranda warnings as given to him defendant answered “No” to the inquiry whether he was willing to answer questions without an attorney present.
Thus, defendant invoked his right to counsel prior to the making of the statement sought to be suppressed (People v Dean, 47 NY2d 967). Though his right to counsel was neither preserved nor argued to the courts below or in the briefs in this court, the right is, as we made clear in People v Ermo (47 NY2d 863, 865), so fundamental that a defendant’s failure to raise the contention does not foreclose our reaching it.
 A statement by a defendant in custody who has invoked his right to counsel must be suppressed unless it is in fact spontaneous (People v Lucas, 53 NY2d 678). In finding defendant’s statement voluntary the hearing Judge only passed upon whether it was the result of intimidation or coercion, not on whether it was spontaneous. A statement which is the result of interrogation is not spontaneous, for as we stated in People v Maerling (46 NY2d 289, 302-303) and have recently repeated in People v Lucas (53 *819 NY2d 678, supra), “the spontaneity has to be genuine and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed.” Here, that cannot be said. Since defendant’s statement was not spontaneous and since it was made after defendant indicated that he wanted an attorney, it must be suppressed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, plea vacated, defendant’s statement suppressed and case remitted to Supreme Court, Queens County, for further proceedings on the indictment in a memorandum.