Gabrielli, J.
(concurring). I concur in the result reached by the majority, but I base my conclusion on a slightly different rationale. Inasmuch as the defendant in this case did not move to suppress the statement in question before he entered his plea of guilty, he must be deemed to have “waive [d] his right to a judicial determination of any contention” relating to the admissibility of the statement (CPL 710.70, subd 3; see 60.45, subd 2, par [b], cl [ii]; 710.20, subd 3). To be distinguished, of course, are situations in which the defendant actually does make a motion to suppress a statement under CPL article 710, but fails to raise a claimed violation of his State constitutional right to counsel as a potential ground for suppression. In such cases, the State constitutional right to counsel question is deemed “preserved” even though it was not raised below and it may thus properly be entertained by this court as a basis for suppression (e.g., People v Samuels, 49 NY2d 218, 221; People v Dean, 47 NY2d 967; compare People v Ermo, 47 NY2d 863 [State constitutional right to counsel issue “preserved” although not raised during suppression hearing], with People v Tutt, 38 NY2d 1011 [Federal constitutional right to specific Miranda warning not “preserved” because it was not raised during suppression hearing]).
*624 Judges Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli concurs in a separate opinion in which Chief Judge Cooke and Judge Jasen concur.
Order affirmed in a memorandum.