■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ANTONIO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Shaw, J.), rendered March 20, 1980, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress an oral statement made by him. Judgment reversed, on the law, defendant's motion to suppress is granted and new trial ordered. Defendant was arrested on December 16, 1978 when he was found in a car which matched the description given in a police radio call concerning a stolen vehicle. At a hearing on defendant's motion to suppress his oral statement to the police, testimony was adduced that after advising the defendant of his *Miranda* warnings in the patrol car on the way to the precinct, the police officer asked defendant, "Now that I have advised you of your rights, are you willing to answer questions without an attorney present?" Defendant answered, "Naa, I

don't want to talk to you. I don't want to say anything". Upon arriving at the precinct, the officer began filling out an arrest report which contained a query regarding the arrestee's ownership of a car. He thereupon asked defendant whether the car defendant was driving belonged to him. The officer then testified as follows: "He [defendant] says, 'That's not mine. I was supposed to get $75 to deliver this car,' or 'to bring this car.' I said, 'Where were you supposed to bring it?' 'To Humboldt and Flushing,' right where I got him. Then, 'Who were you supposed to bring it to' and he said 'I'm not telling you no more.' " The thrust of defense counsel's argument at the suppression hearing was that the police had beaten the statement from defendant. At the conclusion of the hearing, Criminal Term denied defendant's motion finding that he had been given his *Miranda* warnings and that his statement was "voluntarily made, and not the result of any threat or coercion". At the trial, the police officer who interrogated defendant repeated his version given at the *Huntley* hearing of the interrogation, with one significant difference: at trial he testified that defendant had said that he had been paid to "steal" the car, rather than "deliver" or "bring" it, which were the words attributed to the defendant at the *Huntley* hearing. Although defense counsel alerted the court to this significant discrepancy, which was confirmed when an Assistant District Attorney read the relevant minutes of the *Huntley* hearing to the Trial Judge, the latter refused to take any action with regard thereto except to allow defense counsel to cross-examine the police officer, an option which defense counsel declined to pursue. Defendant's uncle testified, *inter alia,* that several months before the defendant's arrest, he had found the keys to the car in question lying next to the car, but kept the keys when he couldn't find the owner; and that on the day in question he let his nephew, the defendant, drive the car for a short distance. Defendant was thereafter convicted of the crime of grand larceny in the second degree. On appeal defendant argues that his statement to the police, which was elicited during an uncounseled interrogation after he had invoked his right to remain silent, was not a pedigree statement, and should have been suppressed since it was obtained in violation of his right to counsel. We agree. By responding to the inquiry as to whether he wished to speak without the presence of an attorney, "Naa, I don't want to talk to you. I don't want to say anything", defendant effectively invoked his right to counsel and could not thereafter waive that right in the absence of counsel (*People v Carmine A.,* 53 NY2d 816; *People v Cunningham,* 49 NY2d 203). The police, therefore, violated defendant's rights when they resumed questioning him shortly thereafter. Although defendant did not raise this precise issue at the suppression hearing — defense counsel at the suppression hearing argued that physical coercion had been used against his client — the principle of waiver cannot be applied against defendant since it has been held that the right to counsel is so fundamental that failure to raise that issue below does not preclude appellate review (*People v Banks,* 53 NY2d 819, 821; *People v Carmine A.,* 53 NY2d 816, 818, *supra*). Turning to the merits of defendant's argument, we first must reject the People's argument that the officer's questioning of defendant was simply to ascertain defendant's pedigree. Although pedigree questions may be asked of the defendant without providing *Miranda* warnings, they are limited in scope to "those necessary for processing or his physical needs" (*People v Rogers,* 48 NY2d 167, 173). The questions asked of defendant were clearly not those aimed at ascertaining pedigree since they went to the very heart of the crime charged. Nor can the admission of defendant's statement into evidence at the trial be deemed harmless error. The officer who interrogated the defendant testified at the suppression hearing that the latter stated that he had been paid to "deliver" or "bring" the car. At

trial, however, the officer testified that the defendant admitted being paid to "steal" the car. This was significant and damaging testimony. Moreover, we note that the pretrial discovery requirements of CPL 240.20 (subd 1, par [a]) and 240.45 (subd 1, par [a]) were not met. Accordingly, the judgment of conviction must be reversed, the defendant's motion to suppress granted and a new trial afforded to defendant. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.