Wachtler, J.
(dissenting). In my view a new trial is required because the prosecution should not have been permitted to bolster its case by the use of statements it had improperly obtained from the defendant on June 9, 1977.
I can understand why the court may be inclined to give the issue brief mention and apply a harmless error rule. The point was not properly presented at trial and the defendant’s brief in this court leaves the impression that there is nothing in the record to support the contention but the conclusory statements of counsel. Nevertheless the constitutional principle involved is considered so fundamental that statutes generally requiring that a point be preserved for review (CPL 470.05, subd 2) and that suppression issues be raised by a motion to suppress (CPL 710.70, subd 3) are inapplicable. The issue need not be preserved (e.g., People v Samuels, 49 NY2d 218, 221) and *68 thus need not be raised in any particular manner (cf. People v Charleston, 54 NY2d 622, and see Gabrielli, J., concurring). In fact, we can consider it even when it has not been raised on appeal (People v Carmine A., 53 NY2d 816). All that is required is that there be sufficient facts in the record to permit adequate review (see, e.g., People v De Mauro, 48 NY2d 892, 893; People v Charleston, supra).
A review of the record in this case shows that after Brown’s arrest the defendant retained an attorney to represent him and attempted to reach Goldberg by phone. Goldberg did not return any of these calls but informed the prosecutor’s investigators of them. They instructed him to tell the defendant that he could reach Goldberg at a certain number which was actually an unlisted number for a phone located in the prosecutor’s office. When the defendant called Goldberg back at that number the conversation was recorded. The transcript of the recording shows that it began with a discussion of the fact that the defendant had previously retained an attorney and that those working for the prosecutor were well aware of it. During the conversation the defendant admitted his involvement with Brown.
Thus the case does not involve a mere technical application of the embattled exclusionary rule, nor does it involve second-guessing the necessarily hasty conduct of police officers on the street. Here the investigation was initiated and conducted throughout by members of the prosecutor’s staff who, knowing the defendant had retained counsel, not only permitted their undercover agent to discuss the case with the defendant, but actually encouraged the conversation and arranged that it would occur at a place where it could be recorded for later use at trial. We are all agreed that the prosecutor’s conduct violated the State constitutional right to counsel.
Nevertheless the majority is to affirm on the ground that the error is harmless. However no case is cited, and I know of none, in which this court has held that the use at trial of a statement obtained in violation of the defendant’s State constitutional right to counsel has been held to be harmless.
In the past we have noted, and it should be obvious, that an admission is a unique type of evidence. Although physi *69 cal evidence and statements made during the course of-a crime may provide strong, if only circumstantial evidence of guilt, nothing so conclusively establishes guilt as the defendant’s own acknowledgment of his involvement made after the crime has been completed (People v Jones, 47 NY2d 528, 534). We have noted that an admission made at this stage is a “legal bombshell” (Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 440) which is most likely to affect the jury’s verdict (People v Jones, supra). We have held that if the statement has been illegally obtained, its use at trial requires reversal even when we have also expressly found that the other evidence of the defendant’s guilt is “overwhelming” (People v Bevilacqua, 45 NY2d 508, 511, 515).
The evidence in this case is not so extraordinary as to call for a different result. The primary witness against the defendant was a dead man, Abe Brown, whose veracity had to be determined by the jury on a bare record. The other principal witness, Goldberg, did not actually witness the alleged crimes, and was only able to testify that he heard the defendant say that he had a “friend” at court and occasionally mentioned Brown at a time when the briberies were allegedly being committed. Although the prosecutor now urges that this testimony alone was sufficient to convince the jury of the defendant’s involvement with Brown, he obviously did not feel at trial that he could do without the statements the defendant made after Brown’s arrest, in which the defendant so clearly acknowledged his relationship with Brown and the crime then under investigation (see, e.g., People v Jones, supra, at p 534). Even when several persons have witnessed the defendant’s commission of the crime and he has been arrested with evidence of the crime in his possession we have been unable to conclude beyond a reasonable doubt, that his confession did not contribute to the verdict (People v Jones, supra). The evidence in the case now before us is no more compelling.
Thus the conviction should be reversed and a new trial ordered.
Judges Gabrielli, Jones and Meyer concur with Judge Jasen; Judge Wachtler dissents and votes to reverse in a *70 separate opinion in which Chief Judge Cooke and Judge Fuchsberg concur.
Order affirmed.