OPINION OF THE COURT
Joseph F. Farlo, J.
Assuming during booking procedures, a prisoner is induced to sign a receipt for a handbag previously seized during an arrest, four hours after she invoked her right to remain silent following Miranda warnings, may that receipt be used by the District Attorney on his direct case as evidence of ownership of the handbag and its contents? This was the first impression issue presented at a Huntley hearing.
The questions before the court were whether the execution of a receipt for the handbag constituted an admission and if it were an admission, may the defendant’s prior refusal to make a statement following Miranda warnings extend to signing the receipt.
The facts of the case are adduced from the record and the testimony of Police Officer Paul Pergamo assigned to the Queens narcotics area. On August 30,1982, an undercover police officer purchased a quantity of drugs from Curtis Bradley, who purportedly obtained them from this defendant. Following their arrest, a handbag was seized which contained drugs. At the suppression hearing conducted by Mr. Justice Leahy on the Mapp issue, the court found probable cause for the arrest and denied defendant’s motion to suppress the drugs found in the handbag. The *355 handbag was not found on the defendant’s person and a search failed to reveal identification of its owner. At the 109th Precinct squad room, defendant was advised of her Miranda warnings but indicated she did not wish to make a statement. Four hours later at Queens central booking, the police “had her” sign an official police department form acknowledging that the handbag was removed from her and would be returned to her at court upon her release. The People intend to introduce this form on their direct case, to prove ownership of the handbag and, accordingly, knowledge and ownership of its contents.
Initially, the court finds the act of signing the property form constitutes an admission and, therefore, subject to Miranda warnings unless an exception exists. An admission, in addition to being oral, may take the form of any act on defendant’s part which tends to convey his thought processes. The United States Supreme Court, in discussing the privilege against self incrimination in the context of blood tests, furnished some guidance, when it stated, “A dissent suggests that the report of the blood test was ‘testimonial’ or ‘communicative’ * * * But the Fifth Amendment relates only to acts on the part of the person to whom the privilege applies, and we use these words subject to the same limitations. A nod or head-shake is as much a ‘testimonial’ or ‘communicative’ act in this sense as are spoken words” (Schmerber v California, 384 US 757, 761, n 5). (See, also, Nonverbal Reaction to Accusation, Other Than Silence Alone, As Constituting Adoptive Admission Under Hearsay Rule, Ann., 87 ALR3d 706; Richardson, Evidence [10th ed], § 540.) This court fails to see the difference between a signature on a form acknowledging that property was removed from the defendant and a signed confession in which defendant admitted ownership of the handbag. Accordingly, this court finds the signed property form was an admission.
Turning to the Miranda issue, by responding to the inquiry whether she wished to make a statement, in the negative, defendant effectively invoked her right to counsel and could not thereafter waive that right in the absence of counsel. (See People v Dean, 47 NY2d 967; People v Carmine A., 53 NY2d 816.) The People argue that Miranda *356 does not apply since the statement was not the result of interrogation. However, interrogation has been interpreted to mean more than just express questioning. “We conclude that the Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term ‘interrogation’ under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect”. (Rhode Island v Innis, 446 US 291, 300-301.) Under these guidelines, it is clear that “having” defendant sign the property form, the police used both words and actions which were reasonably likely to cause defendant to incriminate herself by admitting the handbag was her’s and, therefore, confirming ownership of the drugs contained therein.
The People’s further argument that ordering defendant to sign the form falls within the pedigree exception to Miranda, is also not persuasive. (See People v Rivera, 26 NY2d 304; People v Rodriquez, 39 NY2d 976.) Pedigree questions are those necessary for processing a defendant or providing for his physical needs. (See People v Rogers, 48 NY2d 167, 173.) The request to sign the property form in no way aided the police to obtain information required to complete the arrest report but rather went beyond the information contained therein and went to the heart of the issue — ownership of the handbag. Therefore, the form does not fall within the pedigree exception. (See People v Antonio, 86 AD2d 614.)
By this decision, the court does not suggest that whenever a prisoner is requested to execute a police department document, he must be advised of his Miranda rights and voluntarily waive them before the form may be introduced into evidence, however, in any case where the evidence bears a direct relationship to an essential issue, this court will require the police to inform the petitioner prior to his signing that it may be used against him.*
*357 Accordingly, defendant’s motion to suppress the signed property form is granted.
Since the form is suppressed, defendant’s possession of the handbag, returned upon release, must also be suppressed as the fruits of the poisonous tree. (See Wong Sun v United States, 371 US 471.)
Although suppressed, the District Attorney may use the signed statement and/or defendant’s acceptance of possession of the handbag to contradict her direct trial testimony, if so advised. (See People v Harris, 25 NY2d 175, affd 401 US 222.)

 This entire issue could have been avoided had the police simply vouchered and retained possession of the handbag following arrest.