■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN TYLER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered July 3, 1979, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements. Judgment reversed, on the law and the facts, plea vacated, plea of not guilty reinstated, and case remitted to Criminal Term for further proceedings consistent herewith. The indictment charged the defendant and a codefendant with murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree. The evidence adduced at the suppression hearing reveals that on August 6, 1978 at about 3:15 P.M., at the precinct squad room in the presence of Police Officer Inness, Detective Sullivan and Detective McMillan, the defendant was advised of his *Miranda* rights, waived those rights and agreed to make a statement. Assistant District Attorney Bly was called to the precinct in order to take the defendant's statement. At approximately 4:00 P.M., in the commanding officer's room, defendant was again advised of his *Miranda* rights, this time by Assistant District Attorney Bly, in the presence of Detectives Sullivan and McMillan. At this point, defendant invoked his right to counsel. Bly then ended all conversation with the defendant, who was thereupon removed to the squad room where Police Officer Inness took custody of him. Inness, who had not been present in the squad room when the

defendant invoked his right to counsel and had not been advised by his fellow officers or Bly that defendant wanted to confer with counsel, testified that in the squad room the defendant initiated a conversation with him, by asking whether Inness remembered him. Inness responded in the negative. After a pause, the defendant asked Inness whether he was the police officer who had spoken to him and the codefendant the night before. Inness testified at the hearing that he said to defendant "I told you if you didn't get off the street you would get in trouble that evening * * * Look what happened", at which point the defendant said that "he really didn't mean to shoot the guy, but it was an accident". Inness then asked the defendant whether he had had a gun at the time that Inness was talking to him and the codefendant the night before, and the defendant responded in the affirmative and then went on to say that he and the codefendant intended to rob the victim, but that the "gun went off accidentally". Thereafter, Inness repeated the conversation which he had just had with the defendant to Detectives Sullivan and McMillan and told the detectives that the defendant wished to make a statement. The defendant then made a statement to Assistant District Attorney Bly which was taped. The trial court denied in its entirety the defendant's motion to suppress the statements made to Police Officer Inness and Assistant District Attorney Bly. Thereafter, the defendant pleaded guilty to manslaughter in the first degree. It is well established that once a suspect in custody requests the assistance of counsel, he may not be questioned in the absence of an attorney (*People v Harris,* 57 NY2d 335, cert den __ US __, 103 S Ct 1448; *People v Cunningham,* 49 NY2d 203; *People v Samuels,* 49 NY2d 218). Any subsequent waiver of the right to counsel outside the presence of counsel cannot be given legal effect and any statements made by the defendant must be suppressed unless they are in fact spontaneous (*People v Carmine A.,* 53 NY2d 816; *People v Lucas,* 53 NY2d 678; *People v Cunningham, supra*). The trial court accordingly erred in denying the defendant's motion to suppress the statements he made to Assistant District Attorney Bly and the statements he made to Officer Inness after the officer asked him whether he had had a gun the night before. Those statements were made outside the presence of counsel after the defendant had invoked his right to counsel and were not spontaneous. However, the statements defendant made to Officer Inness prior to the time that Inness asked the defendant whether he had had a gun were, in our view, spontaneous, and the defendant's motion to suppress as to them was properly denied (see *People v Rivers,* 56 NY2d 476; *People v Lynes,* 49 NY2d 286; *People v Kaye,* 25 NY2d 139). With regard to those statements, it must be noted that defendant initiated the conversation with Officer Inness by asking the officer whether he remembered him, and, when the defendant was not satisfied with Inness' negative response, he persisted in attempting to jog Inness' memory. It was then that Inness recalled the conversation, repeated its substance, and then as a natural response to the situation of the defendant's being arrested for murder, stated "I told you if you didn't get off the street you would get in trouble that evening * * * Look what happened". We find that Officer Inness' response to defendant's question was not intended to induce the defendant to make the statement which he made (*People v Lynes, supra; cf. People v Carmine A., supra; People v Lucas, supra*). Contrary to the People's contention, the trial court's erroneous denial of the motion to suppress certain of the defendant's statements cannot be deemed harmless error inasmuch as it cannot be determined whether the trial court's erroneous ruling contributed to the defendant's decision to plead guilty (*People v Purdy,* 53 NY2d 806; *People v Grant,* 45 NY2d 366). As indicated by the Court of Appeals in *People v Grant* (*supra,* pp 379-380), "when a conviction is based on a plea of guilty an appellate court will rarely, if ever, be able to determine whether an erroneous denial of a

motion to suppress contributed to the defendant's decision, unless at the time of the plea he states or reveals his reason for pleading guilty. This is especially true when the defendant has unsuccessfully sought to suppress a confession" (cf. *People v Coles,* 89 AD2d 471). Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.