Meyer, J.
(dissenting). Respectfully, I dissent. I have no difficulty in concluding that defendant’s statement to his father that, “I know what is going to happen, I am going to jail” was both spontaneous and relevant on the question whether defendant, who claimed a disassociative disorder, was malingering. But the affirmed finding of the Trial Judge that, “Throughout this incident, the defendant knew who he was and what he was doing” rested on both the statement to his father and his earlier statement to Investigator Allen that “he already had an attorney representing him on another matter and he didn’t want to talk to us.” In light of that fact, and of the facts that the Trial Judge’s finding rested in part on the presumption of sanity and that the People presented no psychiatric proof, the error, if error there was in the admission of Allen’s testimony, cannot be regarded as harmless (People v Crimmins, 36 NY2d 230).
That admission of defendant’s statement to Investigator Allen on the malingering issue was error is the holding of both People v Ricco (56 NY2d 320) and of People v Hoover (57 NY2d 908). Affirmance is possible, therefore, only if by failing to object to introduction of the statement defendant forfeited his right to raise the constitutional question. In Ricco, it is true, there was an objection, although not one that focused on the right to counsel. We, nevertheless, held the issue reviewable because the effect of the trial court’s ruling was to foreclose further protest. But as we noted, just a year ago, in People v Kinchen (60 NY2d 772, 773), “a claimed deprivation of the State constitutional right to counsel may be raised on appeal, notwithstanding that *707 the issue was not preserved by having been specifically raised in a suppression motion or at trial” provided only that there is a factual record sufficient to permit review. Given such a record, therefore, neither People v Sanders’ (56 NY2d 51, 66) requirement of a motion to suppress nor a trial objection is a condition of our review of the constitutional issue.
The part played by defendant’s statement to Allen in the determination whether defendant was malingering was fully explored with the testifying psychiatrists. The record is, therefore, sufficient to permit review, and the statement that defendant did not wish to talk to Allen was made after knowledge by Allen that defendant had counsel, and at a time when he could not waive counsel except in the presence of counsel (People v Baldi, 54 NY2d 137, 152; People v Carmine A., 53 NY2d 816, 818; People v Banks, 53 NY2d 819, 820-821; People v Cullen, 50 NY2d 168, 174; People v Samuels, 49 NY2d 218, 221; People v Dean, 47 NY2d 967, 968; People v Ermo, 47 NY2d 863, 865; People v Arthur, 22 NY2d 325, 329). To hold, as does the majority, that the issue was forfeited by the failure to make an objection in a case in which all of the relevant countervailing evidence that could be expected to come in after objection is in fact in the record is to make the right to counsel turn on formality.
Order affirmed, etc.