■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. CURLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered September 3, 1985, convicting him of operating a motor vehicle under the influence of alcohol as a felony (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Judgment affirmed, and case remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

For the first time on appeal, the defendant contends that the results of his breathalyzer test should be suppressed because he was denied the opportunity to contact an attorney before deciding whether to consent to the test *(see, People v Gursey,* 22 NY2d 224). Although the defendant testified that he made several requests to contact an attorney, he did not indicate that he had a particular attorney in mind *(see, People v Gursey, supra),* nor did he specify at what time the alleged request was made. Thus, even assuming, for the sake of argument, that the request was actually made and denied, it is not now possible to determine whether the defendant would have been able to communicate with an attorney in time for the breathalyzer test to have been administered within two hours from the time of his arrest, as required by Vehicle and Traffic Law § 1194 (1) (1). Moreover, the defendant was arrested at approximately 11:40 P.M. and the tests were administered at 1:29 A.M. and 1:35 A.M., respectively, only minutes before the two-hour limit would have expired.

A claim that a defendant was deprived of his right to counsel during police questioning may be raised for the first time on appeal *(see, e.g., People v Samuels,* 49 NY2d 218; *People v Ermo,* 47 NY2d 863). However, in the case at bar, the failure of the defendant to advance his narrow claim that he could have contacted an attorney without occasioning a significant delay but was prevented from doing so, precludes him from raising this issue *(cf. People v Tutt,* 38 NY2d 1011), since the record before us fails to disclose facts sufficient to support his claim *(see, People v Kinchen,* 60 NY2d 772; *People v Donovon,* 107 AD2d 433, 440-441).

The remainder of the defendant's contentions have been reviewed and found to be either meritless or unpreserved. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.