OPINION OF THE COURT
Alfred H. Kleiman, J.
Defendant Jesse Covington was indicted for the crimes of attempted murder in the second degree and other lesser *872 charges. He was accused of pushing his girlfriend from her bedroom window causing her to sustain severe injuries. Prior to trial defendant moved to suppress written and oral statements which he had made to police officers.
At a Huntley hearing held before this court, the following facts, to the extent relevant, were developed.
On June 8, 1987, the defendant was taken into custody after the victim, while still lying on the ground and conscious, pointed him out as the person who had just pushed, her from the window. At the 24th Precinct defendant was questioned by Detective Salvatore Catalfumo. After reading defendant his Miranda rights from a printed card, Catalfumo asked, "Now that I have advised you of your rights, are you willing to answer questions without an attorney present?” Defendant said yes and then denied pushing the victim from the window, claiming instead that she had jumped. The interrogation session with Catalfumo lasted from 4:00 p.m. to 4:35 p.m.
Shortly thereafter defendant was approached in his cell by Police Officer Leon Flowers. Flowers’ stated purpose was to obtain pedigree information from defendant in order to complete the booking process. Before obtaining any information, however, Flowers read defendant his Miranda rights which were printed in the front inside cover of his memo book. The questions Flowers asked and the responses defendant gave were as follows: "You have the right to remain silent and refuse to answer questions. Do you understand?” Defendant said "Yeah”. "You have the right to consult an attorney before speaking to police and have an attorney present during any questioning now or in the future. Do you understand?” Defendant said "Yeah-nodded his head”. "If you cannot afford an attorney, one will be provided for you without cost. Do you understand?” Defendant said "Yeah”. "If you do not have an attorney available, you have the right to remain silent until you have had an opportunity to consult with one. Do you understand?” Defendant said "Yeah”. "Now that I have advised you of your rights, are you willing to answer questions?” Officer Flowers testified that to this question defendant said "No” or "shook his head no.” Although no further question was asked of defendant, he repeated his denial. Flowers told defendant that he can tell it to the detectives when he speaks to them later. At approximately 6:00 p.m. defendant was taken to an interview room where Detective John Hatchadoorian read him his Miranda rights from a printed card. This time in response to the final question, "Now that I have advised you *873 of your rights, are you willing to answer questions,” (read from the card where the words "without an attorney present” had been crossed out) defendant answered "Yes.” He subsequently gave the detective an oral and written confession. Defendant did, however, immediately recant those admissions.
This court was thus faced with the question whether a response of "No” to the final inquiry of Police Officer Flowers following the Miranda warnings, to wit, "Now that I have advised you of your Miranda rights, are you willing to answer questions?” omitting the words "without an attorney present”, invoked the right to counsel and thus precluded further questioning. For the reasons that follow I reluctantly held that defendant’s response invoked the right to counsel. Consequently defendant’s statement to Detective Hatchadoorian was suppressed.
In Michigan v Mosley (423 US 96, 104), the United States Supreme Court held that a suspect who asserts his right to remain silent may be questioned again as long as his right to remain silent and to cut off questioning is " 'scrupulously honored.’ ” This rule has long been followed in New York. (See, People v Grant, 45 NY2d 366, 375-377; People v Buxton, 44 NY2d 33, 37; People v Gary, 31 NY2d 68, 70.) As recently as 1984 the Court of Appeals stated that a suspect who has previously asserted his right to remain silent "may not within a short period thereafter and without a fresh set of warnings be importuned to speak about the * * * suspected crime”. (People v Ferro, 63 NY2d 316, 322.) Statements will be suppressed, therefore, where a suspect exercises his right to remain silent and is then asked questions "which do not include fresh warnings and do not scrupulously honor the suspect’s right to cut off questioning”. (Supra, at 322; see also, People v Kinnard, 62 NY2d 910, 912.)
Even though the policies underlying the constitutional protection of the privilege against compulsory, self-incrimination and that of the right to assistance of counsel "are quite distinct” (Rhode Is. v Innis, 446 US 291, 300, n 4) once a defendant has invoked his right to counsel any subsequent statement made by him, unless spontaneous, "will not be deemed voluntary” (People v Cunningham, 49 NY2d 203, 205). Our Court of Appeals subsequently held that where in response to Miranda warnings defendant answered " 'No’ to the inquiry whether he was willing to answer questions without an attorney present * * * [he] invoked his right to counsel” (People v Carmine A., 53 NY2d 816, 818 [emphasis added]; see *874 also, People v Dean, 47 NY2d 967). The apparent rationale for this rule is that by answering "No” the defendant may either be indicating his desire to remain silent or his desire not to speak without an attorney present. The benefit of the doubt is resolved in favor of the defendant’s invoking his right to counsel so that further questioning is precluded.
In the instant case, in what may be new police practice tailored to meet the Carmine A. decision, the second officer in giving the defendant his Miranda warnings omitted the words "without an attorney present”, although they were included in the first officer’s inquiry given shortly before. Does such omission dictate a result different from Carmine A. (supra)?
In People v Gamble (129 AD2d 470 [1st Dept]) Justice Sandler, in his concurring opinion, anticipated the very issue that was presented to this court. He wrote: "Assume that the warnings [as given to this defendant] were then followed by the detective asking the defendant in the more usual way: 'Now that I advised you of your rights, are you willing to answer questions’, omitting the words 'without an attorney present’. [Is it] reasonable to suppose that the defendant would not have understood that he was being asked a question with precisely the same meaning as the question actually asked, which included the words 'without an attorney present’?” (Supra, at 478.)
It thus appears to this court, as it did to Justice Sandler, "that a negative response to the Miranda warnings by a suspect in custody always means that he does not wish to answer questions without an attorney present, whether or not that phrase, adapted from one of the Miranda warnings, is explicitly included in the last question put to the suspect” (supra, at 478). Certainly this is all the more true where two sets of Miranda warnings were given to this defendant within a short time of each other, one with and one without the words "without an attorney present.”
Justice Sandler was concerned that the net effect of Carmine A. (supra) is to overthrow the principle established by the Supreme Court in Michigan v Mosley (supra), and therefore suggested "that the rule merits another look by the Court of Appeals.” (People v Gamble, supra, at 479.) The Court of Appeals, however, agreeing with the majority of the Appellate Division, reaffirmed its ruling of Carmine A. in People v Gamble (70 NY2d 885, 886).
For the reasons above stated it was a logical extension of *875 Carmine A. (supra) that defendant had invoked his right of counsel upon his giving a negative response to the Miranda warnings given by Officer Flowers, and accordingly this court suppressed the oral and written statements made subsequent thereto.
Whether the dissenting opinion in Mosley (supra, at 116-117; also see, supra, at 104, n 10) is now the law of this State or whether the delineation of the right to remain silent of Ferro (supra), and the right of counsel of Carmine A. (supra) and Gamble (supra) can be reconciled must await further clarification by our appellate courts.