OPINION OF THE COURT
Hancock, Jr., J.
The issue in this case is whether defendant’s statements to police should have been suppressed as violative of his right to counsel under this Court’s holding in People v Ermo (47 NY2d 863). We held in Ermo that a defendant’s statement had been taken in violation of his right to counsel because it was elicited while questioning defendant on pending charges on which defendant was represented by counsel. We reasoned that such exploitation of impermissible questioning by the police interfered with the attorney-client relationship and thus violated the right to counsel. The present case calls on the Court to determine whether, in the absence of representation by counsel on the pending charges, questioning on those charges requires suppression of defendant’s statement on an *332 unrelated matter. For the following reasons, we conclude that it does not and, accordingly, affirm.
I.
In 1987, a warrant was issued in Rensselaer County for the arrest of defendant charging him with sexual abuse in the first degree. Christopher Ruff, defendant’s cousin, was employed as a police dispatcher when he learned of the warrant. He contacted State Police investigators and informed them that he believed that defendant was involved in the 1957 murder of his brother, Billy Ruff, in Albany County. In November of 1988, the investigators located defendant in Florida. They discussed extradition of defendant on the 1987 sexual abuse charges with the Rensselaer County District Attorney, but failed to obtain the necessary authorization to bring defendant back to this State. The investigators were advised that Rensselaer County was withdrawing the warrant and were led to believe that the sexual abuse charges against defendant would be dropped. The Albany County District Attorney, however, was interested in investigating defendant’s possible involvement in the 1957 murder and authorized the investigators to travel to Florida to question defendant.
On November 16, 1988, State Police Investigators Brant and Lewis traveled to Florida and, with a Florida law enforcement officer, located defendant at his place of employment. Defendant agreed to accompany the officers to the local police station for questioning. After being read Miranda warnings, defendant was questioned about the sexual abuse allegations. He admitted committing acts constituting several sex crimes, including those involved in the Rensselaer County charges and signed a written statement admitting that conduct.
Defendant was then asked whether he knew anything about the 1957 murder. He denied any knowledge of the circumstances of Billy Ruff’s death, but agreed to submit to a polygraph examination. The next day, the investigators took defendant to a civilian polygraph technician who, after defendant received Miranda warnings and signed a waiver, questioned defendant about the murder out of the presence of the investigators. At the conclusion of the questioning, the technician indicated to defendant that he had "a problem”. Defendant responded, "Yes, I know. The problem is I killed Billy.” Defendant then wrote on a piece of paper "I am an alcoholic. I am cured. In August 1957, I killed Billy, and I need help.” *333 Upon further questioning by the investigators, defendant elaborated on the events leading to the death. He was subsequently arrested as a fugitive from New York and transported back to this State. In April of 1989, defendant was indicted in Albany County for the murder.*
At a pretrial Huntley hearing, defendant moved to suppress his statements about the murder as violative of his right to counsel which had attached with regard to the pending Rensselaer County sexual abuse charges (see, People v Samuels, 49 NY2d 218). The trial court denied the motion and defendant was subsequently convicted of murder in the first degree (see, Penal Law of 1957 § 1044). The Appellate Division unanimously affirmed.
II.
In People v Kazmarick (52 NY2d 322), this Court held that pending criminal charges do not bar the police from questioning a suspect on an unrelated matter, when the suspect is not in fact represented by counsel on the pending charges. In deciding Kazmarick, the Court distinguished its previous decision in People v Rogers (48 NY2d 167) which held that once an attorney had entered proceedings on prior pending charges, police may not question a suspect in custody on those charges, even on unrelated matters, in the absence of counsel. The Court had reasoned in Rogers that any questioning, even on unrelated matters, presents a potential interference with the critical relationship which exists between attorney and client and thus threatens the suspect’s right to counsel (id., at 173).
But, the Rogers holding had never been applied to bar uncounseled questioning when no attorney-client relationship had been established on the pending charges and when the right to counsel arose solely upon the commencement of formal proceedings (see, Samuels, supra, at 221). In Kazmarick, the Court simply reaffirmed the narrow application of Rogers as confined to situations where an attorney had entered the pending proceedings. It held that Rogers did not preclude questioning on unrelated charges where defendant’s right to counsel had attached in the pending case solely by virtue of commencement of formal proceedings (see, Kazmarick, supra, at 328). This Court clearly distinguished between the attachment of the right by commencement of formal *334 proceedings and by the entrance of counsel into pending proceedings and noted:
"Defendant in an overly simplistic lumping of the two lines of cases argues from Samuels that the arrest warrant and accusatory instrument * * * created a nonwaivable right to counsel and from Rogers that attachment of that right prevented interrogation on any other criminal matter. While the filing of an accusatory instrument triggers a right to counsel with respect to the charge made by the accusatory instrument, the right to counsel and representation by counsel are not the same thing * * * Simply put, the legal fiction of representation indulged by the Samuels line of cases is not tantamount to the actual or requested representation protected by the Rogers-Cunningham line” (id., at 327-328 [emphasis added]).
In the present case, defendant’s right to counsel had attached on the Rensselaer County sexual abuse charges but defendant had neither retained nor requested counsel. Thus, under Kazmarick, inasmuch as no attorney-client relationship had been established on the pending charges, the investigators were not barred from questioning on the unrelated Albany County homicide.
Defendant’s reliance on People v Ermo (supra) for a contrary result is misplaced. In Ermo, the police interrogated defendant, in the absence of counsel, intermingling questions relating to the matter on which defendant was represented with questions on an unrelated matter. This Court concluded that the questioning of defendant on the unrelated matter was violative of defendant’s right to counsel because "the police exploited concededly impermissible questioning” (id., at 865) interfering with the attorney-client relationship on the pending matter to elicit statements on the unrelated matter. It was this type of interference with an existing attorney-client relationship on a pending charge that led to our decision in Rogers barring custodial questioning on even unrelated matters absent an effective waiver of the right to counsel (see, People v West, 81 NY2d 370, 377 [decided today]; People v Robles, 72 NY2d 689, 697-698; Rogers, supra, at 171-173).
The present case, however, does not involve police interference with an attorney-client relationship by questioning in a manner designed to elicit statements on an unrelated matter. *335 In the absence of actual representation, questioning on the pending charges does not require suppression of statements on unrelated matters under Ermo. We need not and do not reach the question whether — in circumstances not present here— police questioning on unrelated matters could rise to a level of exploitation that could not be tolerated by this Court.
We have reviewed defendant’s remaining contentions and find them to be without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Smith concur.
Order affirmed.

 Prior to the Albany County indictment, defendant was arraigned on and pleaded guilty to the Rensselaer County charges of sexual abuse.