■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MAHER, Appellant. [638 NYS2d 149] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered March 12, 1992, convicting him of murder in the second degree (two counts) and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that the trial court improperly admitted into evidence prior bad acts committed by him against the victim. We disagree. The evidence of the prior bad acts was relevant to the defendant's motive and intent when he shot and killed the victim, and the probative value of this evidence outweighed its potential for prejudice. Thus, it was admissible *(see, People v Molineux,* 168 NY 264; *People v Satiro,* 72 NY2d 821). Furthermore, that this evidence was introduced through the hearsay statements of the victim was not improper. The victim was unavailable to testify at trial because the defendant had killed her, an act which he never denied *(see, People v Geraci,* 85 NY2d 359; *Matter of Holtzman v Hellenbrand,* 92 AD2d 405; *United States v Mastrangelo,* 693 F2d 269).

A taped telephone conversation between the defendant and the police was properly admitted into evidence because it was an admission by the defendant *(see,* Richardson, Evidence § 8-201 [Farrell 11th ed]). That the conversation occurred after the defendant's right to counsel had attached on prior charges does not require its suppression because the defendant was not actually represented by counsel with regard to the prior charges. Thus, the defendant's right to counsel was not violated *(see, People v Kazmarick,* 52 NY2d 322, 324; *People v West,* 81 NY2d 370, 377; *People v Ruff,* 81 NY2d 330).

We have examined the defendant's remaining contentions and find that they do not require reversal. Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.