(June 22, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HARVEY, Appellant. [710 NYS2d 141] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered November 16, 1997, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree (three counts), grand larceny in the fourth degree, unauthorized use of a motor vehicle in the first degree (two counts) and unauthorized use of a motor vehicle in the third degree (two counts).

In December 1996, defendant was arraigned on a charge of criminal possession of stolen property in the fourth degree based upon his possession of a stolen vehicle and was remanded to the Ulster County Jail. The next day he was released on his own recognizance at the request of the District Attorney to permit the police to seek defendant's consent to speak with them about a homicide unrelated to the stolen vehicle charge. Upon his release, defendant was met at the rear of the jail by two members of the City of Kingston Police Department and he agreed to accompany them to police headquarters. After being advised of his *Miranda* rights, defendant agreed to answer the officers' questions without an attorney. He thereafter made three tape-recorded statements in which he implicated himself in the homicide and a number of other crimes, including several which were unrelated to the homicide.

With regard to the homicide, defendant admitted that he met the victim at a bar and that after drinking for several hours, they went to the victim's home where a struggle ensued during which defendant pulled out a knife, "hit" the victim with the knife several times and then struck the victim in the head several times with a heavy statue. After taking cash and jewelry from the victim, defendant fled the scene. According to defendant, the struggle occurred when he attempted to punch the victim for making a second "pass" after defendant rejected the victim's initial homosexual proposition. Defendant explained that he pulled out his knife when he realized the victim was stronger than he had expected.

Defendant was indicted on multiple charges which included three counts of murder in the first degree—intentional murder, depraved indifference murder and felony murder—and three counts of robbery in the first degree. After his motion to suppress the incriminating statements was denied, a trial ensued

and defendant was found guilty of all counts of the indictment except the depraved indifference murder charge. He was sentenced as a second felony offender to the maximum possible term of imprisonment on each charge, with the direction that all of the sentences be consecutive except for those which by law had to be concurrent. Defendant appeals.

Relying on the right to counsel rule established by the *People v Rogers* (48 NY2d 167) line of cases, defendant contends that County Court erred in denying his motion to suppress the statements he made to the police after his arraignment on the stolen vehicle charge. According to defendant, the police questioning in the absence of an attorney violated his right to counsel because he was represented by counsel on the stolen vehicle charge and he was in custody when the questioning occurred (*see, People v Burdo*, 91 NY2d 146, 149-150). Contrary to defendant's claim, the record establishes that he was not represented by counsel on the stolen vehicle charge. There is no evidence that defendant actually requested counsel or retained counsel on the stolen vehicle charge, and the local criminal court Judge who arraigned defendant on that charge testified that he advised defendant of his right to counsel and provided him with a form to fill out if he wanted assigned counsel and that counsel was not assigned. Thus, even if defendant remained in custody on the stolen vehicle charge, he could waive his right to counsel in the absence of counsel and answer questions on any matter unrelated to the stolen vehicle charge, including the homicide (*see, People v Brown*, 216 AD2d 670, 672, *lv denied* 86 NY2d 791).

Although the mere assignment of counsel on the unrelated charge would have been sufficient to invoke the *Rogers* holding without the need for any active intervention by assigned counsel (*see, People v Burdo, supra*), the *Rogers* holding has not been extended to cases where, as here, the right to counsel arose solely out of the commencement of formal proceedings on the unrelated charge (*see, People v Ruff*, 81 NY2d 330, 333-335). Accordingly, inasmuch as defendant neither requested counsel nor was represented by counsel on the unrelated stolen vehicle charge, County Court correctly denied defendant's suppression motion (*see, id.*, at 335; *People v Wergen*, 250 AD2d 1006, 1007) and we need not decide whether defendant was in custody when he made the incriminating statements.

Our review of the record also reveals the absence of any merit in defendant's only other claim—that he was denied effective assistance of counsel—which is primarily based on the

type of facile hindsight and second guessing of trial tactics and strategy that is patently insufficient to support such a claim (*see, People v Flores*, 84 NY2d 184, 187, 189; *People v Gonsa*, 220 AD2d 27, 32, *lv denied* 89 NY2d 923).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.