Smith, J.
(dissenting). Because I believe the trial court was obligated to determine defendant’s fitness to proceed at the time of his plea and because I believe that the failure of defendant to admit, and the failure of the prosecutor to show, a factual basis for the plea undermined a fundamental principle by which criminal proceedings should be conducted, I dissent.
Defendant pleaded guilty to criminal contempt in the first degree in violation of Penal Law § 215.51 (b) in that “with intent to harass, annoy, threaten or alarm [his girlfriend], a person on whose behalf [an] order [of protection] was issued, [he] subjected her to physical contact.”[1] Penal Law § 215.51 states: *489 Defendant gave an Alford plea in which he pleaded guilty to the charge but did not allocute any factual basis for the plea. Moreover, the prosecutor did not indicate what proof could be offered to demonstrate defendant’s guilt.
*488 “A person is guilty of criminal contempt in the first degree when: * * * (b) in violation of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued, or an order of protection issued by a court of competent jurisdiction in this or another state, territorial or tribal jurisdiction, he or she: * * * (v) with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued, strikes, shoves, kicks or otherwise subjects such other person to physical contact or attempts or threatens to do the same.”
*489 Defendant had a history of mental illness which required him to take certain medications. Following his plea on January 15, 1999, defendant was assigned a new counsel. That counsel moved to vacate the guilty plea on the grounds that the defendant had not taken his medications. The court ordered a psychiatric examination pursuant to article 730 of the CPL. While the resulting psychiatric reports indicated that the defendant was fit to proceed at the time of the sentencing, they did not indicate that the defendant had been fit to proceed on the date of his plea.
On this appeal, defendant argues that he was not fit to proceed on the date of his plea, that the plea proceeding was inadequate and that the judge should have made further inquiry into the circumstances of the incident. While he recognizes that an Alford plea does not require him to admit facts demonstrating that he violated the statute, defendant contends that his plea was not knowing or voluntary and did not meet due process standards under the Fourteenth Amendment of the United States Constitution and article I, § 6 of the New York State Constitution.
In this case, the court had an obligation to assure itself that the defendant was competent at the time of his plea. Moreover, the court should not have accepted an Alford plea without some indication from the prosecution of the proof that he had against the defendant. This is particularly true where defendant alleges that the complainant, a former girlfriend and a drug addict, lied about the physical abuse, that she admitted lying in letters to him, that he was physically incapable of kicking her in the jaw and that she was angry that defendant was involved with another woman. Since Penal Law § 215.51 (b) (v) requires actual physical contact or the threat of physical contact and no factual basis for the plea was offered by the defendant or the prosecutor, the plea violated a fundamental principle of New York law, that no person should be found guilty without some evidence from that person or the prosecutor that there is a factual basis for the plea.
It is a cardinal rule in New York that some principles of law go to the validity of the proceeding itself. The failure to adhere to these principles is reviewable on appeal without preserving the issue because the manner of proceeding is “proscribed by *490 law” (see Cancemi v People, 18 NY 128, 138 [1858]; People v Patterson, 39 NY2d 288, 295 [1976], affd 432 US 197 [1977]). In Cancemi v People, this Court held that a person could not be convicted by a jury of less than 12 persons, even with the defendant’s consent. In People v McLucas (15 NY2d 167 [1965]), this Court held that a comment by the trial court in the charge on the failure of the defendant to take the stand required reversal of the conviction even in the absence of an objection. In People v Ermo (47 NY2d 863 [1979]), this Court upheld the reversal of a conviction by the Appellate Division where a defendant had been denied the right to counsel while being questioned by the police and in the absence of an objection. Similarly, a conviction in this case violates the principle of law that a person should not be convicted, even on an Alford plea, without some indication on the record that there is a factual basis for the conviction.[2]
Accordingly, I dissent.
Chief Judge Kaye and Judges Levine, Ciparick, Wesley and Graffeo concur with Judge Rosenblatt; Judge Smith dissents and votes to reverse in a separate opinion.
Order affirmed.

. Defendant was originally charged in five counts of an indictment with criminal conduct involving a former girlfriend — in count one with assault in the second degree in that he intentionally kicked her in the face and broke her jaw; in count two with aggravated criminal contempt in that he disobeyed a lawful mandate of the court by intentionally breaking her jaw; in count three with disobeying an order of protection by subjecting her to physical contact; in count four with assault in the third degree by causing physical injury by punching her in the stomach; and in count five with assault in the third degree in that he caused physical injury to her by dragging her across hardwood floors.

. In Matter of Silmon v Travis (95 NY2d 470 [2000]), this Court noted that at the time of the Alford plea, there was record evidence that the defendant had committed the crime.